Alex R. TUTTLE, Appellant,

v.

**MELLON BANK OF DELAWARE, and the Unemployment Insurance Appeal Board, Appellees.**

Civ. A. No. 94C–08–002.

Superior Court of Delaware, New Castle County.

Submitted: Dec. 15, 1994.
Decided: March 17, 1995.

Alex Tuttle, Wilmington, pro se.

Omar McNeill, Young, Conaway, Stargatt & Taylor, Wilmington, for appellee Mellon Bank.

Kevin Slattery, Deputy Atty. Gen., Wilmington, Dept. of Justice, for UIAB.

## OPINION

ALFORD, Judge.

This is an appeal filed by Alex R. Tuttle (hereinafter "Claimant") from a decision of the Unemployment Insurance Appeal Board (hereinafter "Board"), affirming the Appeals Referee's determination that Appellant was terminated for misconduct for violating Employer's published sexual harassment policy. For the reasons set forth below, the decision of the Board is affirmed.

## PROCEDURAL HISTORY

Claimant was employed by Mellon Bank of Delaware (hereinafter "Employer") for three and one-half years as a Telephone Customer Service Representative. On April 20, 1994, after confronting Claimant regarding a sexually explicit proposition he made to a male co-worker, Employer terminated Claimant.

Claimant filed for unemployment benefits on April 17, 1994.[1] The Claims Deputy held a fact-finding interview on April 28, 1994, and determined that Claimant was terminated for just cause. On May 17, 1994, Claimant appealed the Claims Deputy's decision. On June 13, 1994, the Appeals Referee conducted a hearing and affirmed the Claims Deputy's decision on June 27, 1994. Claimant appealed the Referee's decision on July 6, 1994, and the Board conducted a hearing on August 3, 1994. The Board adopted the Referee's findings of fact, and affirmed the Referee's decision denying benefits.

On August 5, 1994, Claimant appealed the Board's decision. On October 5, 1994, Claimant filed a letter as his opening brief. Employer filed an answering brief on October 25, 1994. Claimant made no further filings;

therefore, the case will be decided without the benefit of a reply brief.

## STANDARD OF REVIEW

■ On appeal from the Board, the Court is required to determine whether there is substantial evidence in the record to support the Board's decision, and whether the decision is free from legal error. *Stoltz Management Co., Inc. v. Consumer Affairs Board,* Del.Supr., 616 A.2d 1205, 1208 (1992). Absent an abuse of discretion, the Court will affirm the Board's decision. *Id.*

## ISSUE ON APPEAL

The issue presented in this case, which is one of first impression, is whether or not Claimant was terminated for just cause as a result of his alleged sexually explicit proposition to a co-worker.

## DISCUSSION

### *Substantial Evidence Regarding The Statement*

Claimant argues that the Board erred in finding that his termination was for just cause in that he denies making the statement in question.[2] Employer counters that Claimant's sexually explicit proposition was wilful or wanton misconduct constituting just cause for termination. Employer further contends that Claimant violated Employer's published sexual harassment policy and therefore Claimant was terminated for just cause.

At the hearing below, Tammy Deputy, Customer Service Supervisor for Employer, testified that on April 19, 1994 she monitored the calls of another employee, Patrick McGuckin, for quality control purposes. Ms. Deputy stated that Claimant, after identifying himself, transferred a customer call to Mr. McGuckin. Ms. Deputy testified that while the customer was on hold, she heard Claimant ask Mr. McGuckin, "do you want

---

1. Although this date is prior to the date of termination, it is nevertheless the date reflected in the record.

2. Claimant raises questions concerning libel, a "presumption of innocence", and the fact that he never confronted Mr. McGuckin face to face.

The hearing below was neither a civil action for libel nor a criminal prosecution; therefore, Claimant is mistaken in his belief that either the law of libel or the legal presumption of innocence applies to the instant case.

your dick sucked?"; there being no response from Mr. McGuckin, she heard Claimant ask "Well?".

Claimant argues that Employer offered no proof either in the form of telephone logs or tape recordings of the call. However, at the hearing, Employer presented a document entitled "Telephone Inquiries Monitor Sheet" as proof of the fact that Ms. Deputy monitored Mr. McGuckin's calls on April 19, 1994. Employer also produced a signed statement by Mr. McGuckin detailing the incident. Ms. Peggy Eddens and Ms. Donna Allen, also testifying on behalf of Employer, stated that during Claimant's termination interview, he neither admitted nor denied having made the statement at issue.

### *Sexually Explicit Proposition— Just Cause for Termination*

▪ Title 19 *Del.C.* § 3315 provides, in pertinent part, that "[a]n individual shall be disqualified for benefits ..." who is discharged for "just cause." "Just cause" is defined as a "wilful or wanton act" in violation of either the employer's interests,[3] the employee's duties or the expected standard of conduct. *Avon Products, Inc. v. Wilson*, Del.Supr., 513 A.2d 1315, 1317 (1986); *Boughton v. Division of Unemployment Ins. of Dept. of Lab.*, Del.Super., 300 A.2d 25, 26 (1972) (*quoting Abex Corp. v. Todd*, Del.Super., 235 A.2d 271 (1967)). "Wanton" conduct is that which is heedless, malicious, or reckless, but not done with actual intent to cause harm; "wilful" conduct, on the other hand implies actual, specific, or evil intent. *Farmer v. E.I. Du Pont De Nemours and*

*Company*, Del.Super., C.A. No. 94A–06–011, 1994 WL 711138, Goldstein, J. (November 9, 1994). Wilful or wanton conduct constitutes grounds for immediate dismissal without notice if sufficiently serious. *Unemployment Ins. Appeal Bd. v. Martin*, Del.Supr, 431 A.2d 1265 (1981); *Coleman v. Department of Labor*, Del.Supr., 288 A.2d 285, 288 (1972); *Shaw v. Happy Harry Incorporated*, Del.Super., C.A. No. 92A–10–013, 1993 WL 489499, Alford, J. (October 27, 1993). While no Delaware case has specifically addressed the issue at bar, at least one other jurisdiction has found similar conduct to be grounds for termination without a published sexual harassment policy. *See, e.g., Claim of Mutchler*, 186 A.D.2d 970, 589 N.Y.S.2d 123 (1992) (where employee who directed sexually provocative language toward women on the job was disqualified for benefits). An employee's sexually explicit proposition to a co-worker constitutes misconduct justifying the denial of unemployment compensation benefits.

▪ In the instant case, Claimant had notice through Employer's published sexual harassment policy[4] that such conduct would lead to termination. Ms. Peggy Eddens testified that Claimant's sexual comment violated Employer's sexual harassment policy.[5] Ms. Donna Allen testified that Employer's sexual harassment policy was outlined in the Employee Handbook, which Employer gives to all employees. Ms. Allen further testified that Employer conducted four different sessions to train employees with regard to identifying sexual harassment, and explained that it would not be tolerated by Employer. Ms.

---

**3.** At least one federal court has held this type of conduct to be against an employer's interest. *Ellison v. Brady*, 924 F.2d 872, 880 (9th Cir. 1991) (where the Court stated that sexual harassment, if unchecked, could subject an employer to liability for creating a hostile working environment under Title VII of the Civil Rights Act of 1964.)

**4.** One factor utilized in determining "just cause" is whether an employee received a prior warning. *Weaver v. Employment Sec. Commission*, Del.Super., 274 A.2d 446, 447 (1971). A single incident of misconduct may justify termination after a company policy against the conduct is clearly communicated to an employee. *Pavusa v. Tipton Trucking Co., Inc.*, Del.Super., C.A. No. 92A–12–009, 1993 WL 562196, Cooch, J. (Dec. 1,

1993), Mem.Op. at 10; *Delgado v. Unemployment Insurance Appeal Board*, Del.Super., 295 A.2d 585, 586–587 (1972).

**5.** See, e.g., *Jewell v. Palmer Broadcasting Limited Partnership*, Iowa Dist.Ct., No. CL94–56040, 1993 WL 660039, Walters, J. (Dec. 30, 1993) (where conduct which violated an employer's sexual harassment policy justified termination and the denial of severance pay). While the majority of sexual harassment cases have female victims, it has been held that conduct of this nature whether directed at "men by women, men by men, and women by women" constitutes misconduct. *Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 626 A.2d 445, 454 (1993); *Ellison v. Brady*, 924 F.2d 872, 879, n. 11. (9th Cir.1991).

Eddens stated that each employee received additional copies of the material relative to those training sessions.

The Court finds that there is substantial evidence in the record to support the Board's decision. Further, the Court finds that Claimant's misconduct was both wilful and wanton so as to constitute grounds for immediate termination. Therefore, the Board's determination that Claimant was terminated for just cause is free from legal error.

For the reasons set forth above, the Board's decision is hereby **AFFIRMED.**

**IT IS SO ORDERED.**