# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

MARIO FLEURY,                          :
                                       :        C.A. No: K14A-03-003 (RBY)
_____Appellant,                  :
                                       :
        v.                             :
                                       :
UNEMPLOYMENT INSURANCE                 :
APPEAL BOARD,                          :
                                       :
        Appellee.                      :

Submitted: *June 19, 2014*
Decided: *July 17, 2014*

***Upon Consideration of Appellant's Appeal from
the Unemployment Insurance Appeal Board
REVERSED***

**ORDER**

Mario Fleury, *Pro se.*

Catherine Damavandi, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeal Board.

Young, J.

## SUMMARY

This is an appeal from a decision of the Unemployment Insurance Appeal Board ("the Board") denying unemployment benefits to Mario Fleury ("Appellant"), a former employee of KenCrest Community Living Services ("KenCrest Services" or "Employer"). Appellant was terminated for violating Employer's policy of sleeping while on duty. There is no evidentiary showing of Appellant's deviation from Employer's expected standard of conduct, except for the one incident in question. On the record, there appears to be no willful or wanton act by Appellant to support a finding of just cause for termination. Hence, the decision of the Board is **REVERSED**.

## FACTS

Appellant was employed by KenCrest Services from June 7, 2010 to October 25, 2013. Appellant worked full-time as a Resident Advisor, earning $11.41 per hour. Between 1:30 a.m. and 1:45 a.m. on October 17, 2013, Appellant suffered a migraine headache. Consequently, Appellant took two Aleve tablets, and put his head down to rest in order to relieve his headache. Two witnesses for Employer, Suzanne Casey and Wendy Wilson, conducted an unannounced night check, and found Appellant sleeping on the job. Appellant woke up approximately five minutes after the two witnesses sat down next to him. Appellant denied sleeping on duty.

On October 25, 2013, Director Kim Vaughn of KenCrest Services sent Appellant a letter, notifying him that his employment had been terminated for his policy violation of sleeping on duty. The KenCrest Community Living Services Work Rules and Guidelines state, in Section XIII, that sleeping while on duty, with the

exception of approved sleepovers, is prohibited, is considered neglect, and is grounds for termination. Appellant signed the KenCrest Community Living Services Work Rules and Guidelines Acknowledgment form on December 17, 2012.

On November 19, 2013, the Delaware Department of Labor Claims Deputy, determined that Appellant was disqualified for unemployment benefits, because Appellant was discharged from work for just cause. Appellant sent an Appeal Request Notification on November 25, 2013, challenging the prior decision by the Claims Deputy. In the Appeal Request Notification, Appellant stated that he is a veteran, and has suffered migraine headaches for "a very long time."

The Delaware Department of Labor, Division of Unemployment Insurance Appeals held a hearing, concerning the appeal to the Claims Deputy's decision, on December 19, 2013. The Appeals Referee, Geoffrey Silverberg, affirmed the Claims Deputy's decision, disqualifying Appellant for the receipt of unemployment benefits. Appellant sent an Appeal Request Notification to the Board on December 31, 2013. The Board held an administrative hearing regarding the decisions below on February 19, 2014.

During this administrative hearing, Appellant testified that he reported to work on the day in question to fill in for another employee. Appellant did so despite the facts that it was his day off, and that he had worked continuously for seven days at that point. Another witness and representative of Employer, Pamela Cannon, testified that the night shift staff is required to remain awake. On February 25, 2014, the Board affirmed the prior decision of the Appeals Referee.

Appellant submitted a Notice of Appeal of the Board's decision to this

Court on March 10, 2014. Appellant submitted an Opening Brief in the instant matter on May 16, 2014. Appellee submitted a letter to the Court in response to Appellant's Opening Brief on May 26, 2014.

## STANDARD OF REVIEW

For administrative board appeals, this Court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal errors.[1] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[2] It is "more than a scintilla, but less than preponderance of the evidence."[3] An abuse of discretion will be found if the board "acts arbitrarily or capaciously...exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[4] Where an agency has interpreted and applied a statute, the court's review is *de novo*.[5] In the absence of an error of law, lack of substantial evidence or abuse of discretion, the Court will not disturb the decision of the board.[6]

---

[1] 29 *Del C.* § 10142(d); *Avon Prods. v. Lamparski*, 203 A.2d 559, 560 (Del. 1972).

[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. 1981) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[3] *Id.* (quoting *Cross v. Calfano*, 475 F.Supp. 896, 898 (D. Fla. 1979).

[4] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, at *5 (Del. Super. Aug. 24, 2011) (quoting *Straley v. Advanced Staffing, Inc.,* 2009 WL 1228572, at *2 (Del. Super. April 30, 2009).

[5] *Lehman Brothers Bank v. State Bank Commissioner,* 937 A.2d 95, 102 (Del. 2007).

[6] *Anchor Motor Freight v. Ciabattoni,* 716 A.2d 154, 156 (Del. 1998).

## **DISCUSSION**

In his Opening Brief, Appellant challenges the Board's decision by arguing that he worked for Employer for nearly four years without taking any sick leave or being criticized for bad performance. Appellant asserts that, on October 25, 2013, on his day off, he received a call from his supervisor asking him to work in order to cover a coworker's shift. According to Appellant, he fell asleep during his shift only after taking medication to relieve a migraine. Once two other supervisors observed Appellant with his head down sleeping, the supervisors asked him to leave. Subsequently, Appellant was suspended for a week without pay, and terminated without any other warning.

The issue before the Board was whether Appellant's employer had sufficient just cause to discharge Appellant from his employment. In a discharge case, the employer must show by a preponderance of the evidence that the claimant was discharged for just cause in connection with his work.[7] Just cause exists where the claimant commits a willful or wanton act, or engages in a willful or wanton pattern of conflict in violation of the employer's interest, his duty to the employer or his expected standard of conduct. In Delaware, one factor utilized in determining just cause for discharging an employee is whether the employee received a prior warning of the termination.[8]

Employer knew about Appellant's continuous migraines, and knew that

---

[7] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, (Del. Super. Jul. 27, 2011).

[8] *Tuttle v. Mellon Bank of Delaware*, 1995, 659 A.2d 786 (Del. Super. 1995).

Appellant had worked a full week prior to the day in question. However, Employer still specially called Appellant in to work to help cover another employee's shift on Appellant's day off. Appellant worked for Employer for nearly four years without taking any sick leave or being criticized for bad performance. More importantly, Appellant fell asleep during his shift only after taking medication to relieve his migraine. There is no evidentiary showing of Appellant's deviation from Employer's standard of conduct, except for this one incident. In light of these facts, there appears to be no willful or wanton act or pattern of conflict in violation of Employer's interest by Appellant, to support a finding of just cause for termination. Therefore, the Board abused its discretion in its decision below.

## CONCLUSION

For the foregoing reasons, the decision of the Board is **REVERSED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:    Prothonotary
cc:    Mr. Fleury, *Pro se*
       Catherine Damavandi, Esq.
       Opinion Distribution
       File