# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

AUSTIN BROWN,

          Appellant,

     v.

DOVER DOWNS,

        Appellee.

:
:     **C.A. No: K13A-12-001 (RBY)**
:
:
:
:
:
:
:
:

*Submitted: July 1, 2014*
*Decided: July 22, 2014*

***Upon Consideration of Appellant's Appeal from***
***the Unemployment Insurance Appeal Board***
**AFFIRMED**

**ORDER**

Austin Brown, *Pro se.*

Catherine Damavandi, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeal Board.

Young, J.

## SUMMARY

This is an appeal from a decision of the Unemployment Insurance Appeal Board ("the Board") denying unemployment benefits to Austin Brown ("Appellant"), a former employee of Dover Downs Casino ("Dover Downs" or "Employer"). Appellant was terminated for violating Employer's policy by taking unauthorized breaks, and for falsifying company records. On appeal, Appellant challenges the Board's decision on the ground that his hospital discharge documents, showing proof of his medical condition, were missing from his appeal before the Board.

The hospital discharge documents, which Appellant seeks to introduce into evidence before the Board, dated after June 13, 2013, the day in question, are not pertinent to the question of law posed. Appellant's prior performance issues, inconsistent testimony, and misconduct on June 13, 2013, provided sufficient just cause to discharge Appellant from his employment. Therefore, the decision of the Board is **AFFIRMED.**

## FACTS AND PROCEDURAL POSTURE

Appellant worked as a security guard for Employer from May 26, 2010 until June 28, 2013 when he was discharged for taking unauthorized breaks, and falsifying company records. Appellant worked full-time making $10.58 per hour. On June 13, 2013, Appellant's break was scheduled for 2:40 am until 3:20 a.m. Appellant allegedly felt ill, so he went upstairs for his break at 2:06 a.m., and ordered food. He took his food into "the quiet room" to eat. At 2:40 a.m., Appellant swiped his badge at the time clock, and proceeded back into the quiet room to eat. Appellant left the quiet room at 3:39 a.m., went to the time clock, and again swiped his badge, this time

2

at 3:40 a.m.

After returning to the gaming floor of Dover Downs, Appellant advised his supervisor that he had taken an extended break. Appellant asked if he could clock out, and then continue to work so that he could make up the time. Appellant's supervisor advised him to complete a missed punch form to correct his time. Appellant completed the missed punch form, indicating that he clocked out at 2:40 a.m. for lunch, and missed swiping back in 3:20 a.m.

The Employee Handbook provided by Employer lists falsification of company records or reports as inappropriate conduct. On January 22, 2013, Appellant signed the "Acknowledgment of Employment and Employee Handbook." Appellant received a final written warning with suspension on February 26, 2013 for performance issues. Employer also granted Appellant ADA accommodations for his diabetes. Employer allowed Appellant to take small breaks, when needed, to get a drink or snack, and to administer his medication, as long as he informed his supervisor. Appellant did not tell his supervisor that he needed a break due to his diabetes on June 13, 2013, the date in question.

The security director met with Appellant and the shift manager on duty on June 13, 2013 to discuss the discrepancies between Appellant's actual break, and the time he submitted on the missed punch form. At first, Appellant stated that he swiped out for lunch, but did not swipe back in. When advised that the records showed that he had clocked back in at 3:40 a.m., Appellant said that he realized he had gone twenty minutes over on his break when he swiped back in, and offered to adjust his schedule. Then, when Appellant was told that he had gone upstairs to order food at 2:06 a.m.,

went to the quiet room, swiped out for a break at 2:40 a.m., and then swiped back in again at 3:40 a.m., Appellant stated that he was confused because of his diabetes.

On July 25, 2013, the Delaware Department of Labor Claims Deputy determined that Appellant was disqualified for unemployment benefits, because Appellant was discharged from work for just cause. Appellant sent an Appeal Request Notification on August 2, 2013, challenging the prior decision by the Claims Deputy. The Delaware Department of Labor, Division of Unemployment Insurance Appeals held a hearing, concerning the appeal to the Claims Deputy's decision, on August 26, 2013. A representative of Employer testified that Appellant was questioned about the incident on June 13, 2013, during which questioning he changed his story several times. Based on the inconsistency of Appellant's testimony, the Appeals Referee did not find Appellant's testimony to be credible. The Appeals Referee, Dina M. Burge, affirmed the Claims Deputy's decision, disqualifying Appellant for the receipt of unemployment benefits on October 3, 2013.

Appellant sent an Appeal Request Notification to the Board on October 10, 2013. The Board held an administrative hearing regarding the decisions below on December 4, 2013. During the administrative hearing, Appellant was sworn, and testified that he informed his shift manager, Dale Stark, that he was not feeling well when he reported to work on June 13, 2013. According to Appellant, he reported to work that day instead of calling out, because he did not want to accrue any more disciplinary points.

Appellant testified that shortly after the day in question, he took time off to care for his mother. Upon return from that leave, he was called into a meeting to

address inconsistencies in his reporting of the events of June 13, 2013. Appellant informed his supervisor that he did not mean to deceive Employer. Appellant also argued that he gave Employer medical documentation attesting to his condition after he returned from leave. In support of that testimony, Appellant submitted medical records, detailing his visit to the emergency room on June 25, 2013. The records submitted by Appellant were all dated after June 13, 2013. A representative of Employer, Barbara Wilson, was sworn, and testified that Employer's policy is not to work sick employees.

The Board found that the medical records submitted by Appellant did not establish that he suffered any medical problem that would have led to his inaccurate reporting on June 13, 2013, since the medical records were all dated after June 13, 2013. Accordingly, the Board affirmed the prior decision of the Appeals Referee. Appellant submitted a Notice of Appeal of the Board's decision to this Court on December 18, 2013. Appellant submitted an Opening Brief in the instant matter on March 27, 2014. Appellee did not submit an Answering Brief.

## STANDARD OF REVIEW

For administrative board appeals, this Court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal errors.[1] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[2] It is "more than a scintilla, but less than preponderance of the

---

[1] 29 *Del C*. §10142(d); *Avon Prods. v. Lamparski*, 203 A.2d 559, 560 (Del. 1972).

[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. 1981) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

evidence."[3] An abuse of discretion will be found if the board "acts arbitrarily or capaciously...exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[4] Where an agency has interpreted and applied a statute, the court's review is *de novo*.[5] In the absence of an error of law, lack of substantial evidence or abuse of discretion, the Court will not disturb the decision of the board.[6]

## DISCUSSION

In his Opening Brief, Appellant challenged the Board's decision by arguing that the Board failed to consider the medical records he submitted to Mike Mallow, one of the security shift managers on duty. Appellant stated that he was discharged from the VA Hospital Emergency Room in Wilmington, Delaware on June 25, 2013. After discharge, Appellant claimed that he immediately went to Dover Downs to turn in proof of his hospital discharge and condition to Mike Mallow, one of the shift managers on duty. The hospital discharge documents contained medical records of Appellant's condition, and a note from Doctor William L. Jaffe.

Appellant claimed that he explained his health situation to Mike Mallow, and filled out documentation enabling him to take the night off from work. Appellant further stated that he is concerned that Mike Mallow did not turn in his medical

---

[3] *Id.* (quoting *Cross v. Calfano*, 475 F.Supp. 896, 898 (D. Fla. 1979).

[4] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, at *5 (Del. Super. Aug. 24, 2011) (quoting *Straley v. Advanced Staffing, Inc.,* 2009 WL 1228572, at *2 (Del. Super. April 30, 2009).

[5] *Lehman Brothers Bank v. State Bank Commissioner,* 937 A.2d 95, 102 (Del. 2007).

[6] *Anchor Motor Freight v. Ciabattoni,* 716 A.2d 154, 156 (Del. 1998).

discharge or vacation leave copy to Employer's Human Resources Office in a timely manner. Appellant asserted that both proof of the hospital discharge and his medical or vacation leave copy were missing from his first appeal to the Appeals Referee as well as his appeal before the Board. In addition, Appellant claimed that there was a surveillance camera in the office where he met with Mike Mallow, which would allegedly provide proof of their interaction. Further, Appellant reiterated that, on June 13, 2013, he informed Dale Stark, one of the shift managers on duty, that he was feeling ill as a result of suffering from high blood pressure and shoulder pains.

The issue before the Board was whether Appellant's employer had sufficient just cause to discharge Appellant from his employment. In a discharge case, the employer must show by a preponderance of the evidence that the   claimant was discharged for just cause in connection with his work.[7] Just cause exists where the claimant commits a willful or wanton act, or engages in a willful or wanton pattern of conflict in violation of the employer's interest, his duty to the employer or his expected standard of conduct. In Delaware, one factor utilized in determining just cause for discharging an employee is whether the employee received a prior warning of the termination.[8] That did exist here.

The final written warning Appellant received on February 26, 2013 with suspension should have been an indicator to Appellant that he risked termination. According to the record, Appellant had a prior history of performance issues. During

---

[7] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, (Del. Super. Jul. 27, 2011).

[8] *Tuttle v. Mellon Bank of Delaware*, 1995, 659 A.2d 786 (Del. Super. 1995).

the hearing before the Appeals Referee, Ms. Jerden, a witness for Employer, stated that Employer already knew Appellant had diabetes. Employer even provided ADA accommodations to Appellant. However, Employer made it clear to Appellant that a supervisor should always be given notification when Appellant is sick. Appellant had a history of failing to notify a supervisor when he left his work floor.

According to testimony from Ms. Jerden in the hearing before the Appeals Referee, on June 13, 2013, Appellant left the work floor at 2:06 am to take a food break. When questioned about this break, Appellant's story repeatedly changed. Employer regularly did allow Appellant to take mini breaks, but Appellant did not tell his supervisor he was leaving. He was absent from his work floor from 2:06 to 3:04 am, when his authorized break should have been only 40 minutes. These facts alone provide sufficient just cause for Appellant's termination.

With regard to the missing hospital discharge documents from Doctor William L. Jaffe, the Board had considered the existence of the documents. The Board correctly noted from Employer's witness, Barbara Wilson, that the hospital discharge documents were dated after June 13, 2013. Therefore, the documents cannot establish that Appellant suffered any medical problem that would have led to Appellant's inaccurate reporting on June 13, 2013, the day upon which Employer's termination is based.

Further, the hospital discharge documents, which contained medical records of Appellant's condition and a note from Doctor William L. Jaffe, did not make any mention of Appellant's alleged "confusion" as a resulting symptom of his condition. During the hearing before the Board, Appellant claimed that, because of his diabetes,

he was confused, which caused him to clock out of work at the wrong times. The hospital discharge documents Appellant seeks to introduce into evidence before the Board, are not pertinent to the question of law posed. Appellant's prior performance issues, inconsistent testimony, and misconduct on June 13, 2013, provided sufficient just cause to discharge Appellant from his employment.

## **CONCLUSION**

For the foregoing reasons, the decision of the Board is **AFFIRMED.**

**IT IS SO ORDERED**.


        /s/ Robert B. Young
           J.

RBY/lmc
oc:  Prothonotary
cc:  Mr. Brown, *Pro se*
   Catherine Damavandi, Esq.
   Opinion Distribution
   File