# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHARRON BURKE,         )
                                )
      Appellant,       )
                                )
   v.                   )     C.A. No. N17A-04-005 CEB
                                )
CHILD, INC. and        )
UNEMPLOYMENT INSURANCE  )
APPEAL BOARD,       )
                                )
      Appellees.       )

Date Submitted: August 7, 2017
Date Decided: November 20, 2017

*Upon Consideration of Appeal from*
*the Unemployment Insurance Appeal Board.*
**AFFIRMED.**

## ORDER

This 20th day of November, 2017, upon consideration of the *pro se* appeal of

Sharron Burke ("Ms. Burke") from the decision of the Unemployment Insurance

Appeal Board (the "Board") and the record in this case, it appears to the Court that:

1.    Ms. Burke was employed part-time as a Family Visitation Center

Counselor by CHILD, Inc. ("Employer") from August 2015 to January 20, 2017.

2.    Employer terminated Ms. Burke on January 20, 2017, after

discovering that she had posted harassing and threatening comments about her

coworkers on her public Facebook page[1] in violation of Employer's various policies, including its Workplace Violence policy.[2]

3. After her termination, Ms. Burke filed a claim for unemployment benefits with the Division of Unemployment. On February 9, 2017, a Claims Deputy issued a Notice of Determination finding that Ms. Burke was discharged

---

[1] In reference to one of her coworkers, Ms. Burke included the following comment in a Facebook post: "I had to cool off before I snatched the little bit of locs she has left on her head." R. at 135. In another entry, Ms. Burke posted, "Scallywags at work are the prime example of black women trying to keep another black woman down . . . ." R. at 133. Ms. Burke also wrote that "[s]ome black folk just shouln't [sic] hold power. As soon as they get a taste of a little of it, they act like one of those freed slaves right off the plantation that enslave their own people." R. at 135. In a similar post discussing the age of her coworkers, Ms. Burke stated, "Today's generation needs a good ass whippin' to show respect." R. at 80, 232.

[2] Employer's Workplace Violence Policy provides:

> The safety and security of CHILD, Inc. employees, clients and visitors are of vital importance. Therefore, acts or threats of violence made by an employee against another person's life, health, well-being, family or property will not be tolerated. This policy applies to any threats made on CHILD, Inc.'s property, at CHILD, Inc. events, or under other circumstances that may negatively affect CHILD, Inc.'s ability to conduct business. Such acts or threats of violence, whether made directly or indirectly, by words, gestures or symbols, infringe upon CHILD, Inc.'s right or obligation to provide a safe workplace for its employees. CHILD, Inc. prohibits the following:
> - Any act or threat of violence made by an employee against another person's life, health, well-being, family or property;
> - Any act or threat of violence including, but not limited to, intimidation, harassment or coercion;
> - Any act of threat of violence that endangers the safety of clients, employees or visitors;
> - Any act or threat of violence made directly or indirectly by words, gestures or symbols; and
> - Use or possession of a weapon on CHILD, Inc. premises.
>
> Employees violating the provisions of this policy are subject to disciplinary action up to and including termination.

R. at 77-78, 179-80.

2

for just cause in connection with her work and was therefore disqualified from receiving unemployment benefits pursuant to 19 *Del. C.* § 3314(2) ("Section 3314(2)").[3] On February 14, 2017, Ms. Burke timely appealed the Claims Deputy's determination to an Appeals Referee.

4.  The Appeals Referee held a *de novo* hearing on February 27, 2017. On March 2, 2017, the Appeals Referee affirmed the Claims Deputy's determination that Ms. Burke was discharged for just cause and disqualified from receiving unemployment benefits pursuant to Section 3314(2).[4] Specifically, the Appeals Referee found that Ms. Burke agreed to abide by Employer's policies and that by connecting her public Facebook posts to news organizations, Ms. Burke violated Employer's policy relating to "Contact with News Media." The Appeals Referee also found that Ms. Burke's conduct amounted to willful insubordination in violation of Employer's expected standard of conduct. Ms. Burke timely appealed the Appeals Referee's decision to the Board on March 6, 2017.

5.  The Board held a hearing on March 22, 2017. Both Ms. Burke and a representative for Employer attended the hearing. The Board considered the evidence previously presented to the Appeals Referee and the Referee's decision

---

[3] R. at 54-55. Pursuant to 19 *Del. C.* § 3314(2), an individual is disqualified from the receipt of unemployment benefits if he or she is discharged from the employment for "just cause" in connection with his or her work.

[4] R. at 125-29.

3

and both sides were given the opportunity to present additional relevant evidence and legal argument as to why the Appeals Referee's decision should be upheld or reversed. On April 24, 2017, the Board affirmed the Appeals Referee's decision.[5] The Board found that Ms. Burke "acted willfully and wantonly in violation of the Employer's interest when she violated the Employer's Workplace Violence policy by posting harassing and threatening comments about her coworkers to Facebook."[6] As a result, the Board found that Ms. Burke was terminated for just cause in connection with her work and disqualified from receiving unemployment benefits pursuant to Section 3314(2).

6.      Ms. Burke timely appealed the Board's decision to this Court. In her Notice of Appeal, Ms. Burke provides the following as grounds for the appeal: (1) Ms. Burke "did not violate company policy on violence and harassment;" (2) "I never stated my coworkers need a good ass whoopin;" (3) the Board "did not review claim thoroughly;" and (4) "I never stated anything containing 'I will do harm' or 'I will do this' or made racial slurs."

7.      This Court's review of Ms. Burke's appeal is limited to a review for errors of law and a determination of whether "substantial evidence exists to support

---

[5] R. at 213-16.

[6] R. at 215.

4

the Board's findings of fact and conclusions of law."[7] "Substantial evidence is that relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[8] In reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below.[9] The Board's decision is reviewed *de novo* for errors of law.[10] In the absence of legal error, the Board's decision is reviewed for abuse of discretion.[11] The Court will find an abuse of discretion when the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[12] On appeal, the Court will not "weigh the evidence, determine questions of credibility, or make its own factual findings."[13]

8. An employee who is discharged for "just cause" is disqualified from receiving unemployment insurance benefits."[14] "Just cause" exists when an

---

[7] *Arrants v. Home Depot*, 65 A.3d 601, 604 (Del. 2013).

[8] *Wyatt v. Rescare Home Care*, 81 A.3d 1253, 1258 (Del. 2013) (internal citations omitted).

[9] *Gen. Motors Corp. v. Guy*, 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991).

[10] *Arrants*, 65 A.3d at 605.

[11] *Id.*

[12] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000) (citation omitted).

[13] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

[14] 19 *Del. C.* § 3314(2).

employee commits a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[15] "Willful" conduct is conduct that "implies actual, specific, or evil intent," and "wanton" conduct is conduct that "is heedless, malicious, or reckless, but not done with actual intent to cause harm."[16] A single incident of misconduct can establish just cause for termination.[17] For example, a single incident of "insubordination, theft, violence or threats of violence, and other activities where the employee acts with reckless disregard for the employer's interest" can be sufficient to establish just cause.[18]

9.     There is substantial evidence in the record to support the Board's conclusion, including the following: (1) the Employer's Personnel Policies Manual containing, *inter alia*, the policy against Workplace Violence; (2) Ms. Burke's signed Employee Acknowledgment dated September 20, 2015, stating that she received, understood, and was willing to adhere to the policies within the Manual;

---

[15] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

[16] *Tuttle v. Mellon Bank of Delaware*, 659 A.2d 786,789 (Del. Super. 1995) (citing *Farmer v. E.I. DuPont De Nemours and Co.*, 1994 WL 711138, at *3 (Del. Super. Nov. 9, 1994)).

[17] *Mack v. RSC Landscaping*, 2011 WL 7078291, at *2 (Del. Super. Dec. 22, 2011) (citing *Peninsula United Methodist Homes v. Crookshank*, 2000 WL 33114324 (Del. Super. Sep. 28, 2000)).

[18] *Id.*

and (3) Ms. Burke's own Facebook posts. All of this evidence was submitted to and considered by the Board in reaching its decision.[19]

10.    The Court also notes that in her Opening Brief, Ms. Burke contends that the Claims Deputy, the Appeals Referee, and the Board erred "by denying me both a right to ask questions during hearings, and not reviewing my supporting documents thoroughly." After careful review of the record, the Court finds this contention to be without merit as Ms. Burke was afforded every opportunity to be heard and to present evidence.

11.    Based on the foregoing, the Court is satisfied that the Board's decision is supported by substantial evidence and free from legal error. Accordingly, the decision of the Board is **AFFIRMED.**

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[19] R. at 215.

7