# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NICOLE ROBINSON, | ) | |
| | ) | |
| Appellant, | ) | |
| Claimant Below, | ) | |
| | ) | C.A. No. N21A-06-002 FJJ |
| v. | ) | |
| | ) | |
| DELAWARE PROFESSIONAL | ) | |
| FUNERAL SERVICES, INC., and | ) | |
| The UNEMPLOYMENT INSURANCE | ) | |
| APPEALS BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: September 13, 2021
Decided: September 30, 2021

## OPINION AND ORDER

## ON APPELLANT'S APPEAL OF UNEMPLOYMENT INSURANCE APPEALS BOARD'S DECISION
### DECISION AFFIRMED

*Michele D. Allen, Esquire* and *Emily A. Biffen, Esquire,* Allen & Associates, Wilmington, Delaware, Attorneys for Appellant, Claimant Below.

*Philip A. Giordano, Esquire,* Gordan, Fournaris & Mammarella, P.A., Wilmington, Delaware, *Attorneys for Appellees.*

**Jones, J.**

Nicole Robinson ("Robinson") is a former employee of Delaware Professional Funeral Services, Inc. ("Appellee"). Robinson began working for Appellee as a licensed funeral director in 2016 until she was terminated in July 2020.[1] Robinson filed for unemployment insurance benefits. On January 4, 2021, the Unemployment Insurance Claims Deputy found that Appellee had discharged Robinson for just cause. Robinson appealed that decision. The Appeals Referee reversed the Claims Deputy's decision, finding that Robinson was terminated without just cause and was therefore entitled to received unemployment benefits. Appellee filed an appeal of the Referee's decision to the Unemployment Insurance Appeals Board (the "Board"). The Board heard the matter on May 5, 2021.

On May 30, 2021, the Board reversed the Appeals Referee's decision finding that Robinson was terminated for just cause. Robinson has filed an appeal of the Board's decision to this Court. The Court has reviewed the record in this case and considered the parties' submissions. For the following reasons, the UIAB's decision is affirmed.

## STANDARD OF REVIEW

Under 19 *Del.C.* §3344 (2), this Court has jurisdiction to hear appeals of decisions of the Board and determine if substantial evidence exists in the record to support the Board's findings or if the Board erred in its application of the law.[2] If

---

[1] Robinson previously worked for Appellee from approximately 2000 until 2014. She was rehired in 2016
[2] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del., 1981).

2

there is substantial evidence, and no error of law, the Board's decision is affirmed unless the Board committed an abuse of discretion.[3] This Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] It is not within the authority of the Court to question the Board's decision so long as substantial evidence exists to support that decision.[5] Substantial evidence is evidence which "a reasonable mind might accept as adequate to support a conclusion".[6] It is, "more than a scintilla, but less than a preponderance of the evidence."[7] With respect to questions of law, the Court's review is *de novo* to determine "whether the Board erred in formulating or applying legal precepts."[8]

## FACTS

Robinson worked for Appellee as a licensed funeral director. She was terminated in July 2020. Prior to July 2020 Robinson had an issue with tardiness and not showing up for work. She was placed on a two-week suspension in February 2020 and was put on a 3-month probationary period upon her return to work. While this is one of the issues that the employer put forward to support termination it was not the main focus. The primary incident which forms the basis of the termination occurred on July 17, 2020.

---

[3] *Id.*

[4] *Hopkins Const., Inc. v. Unemployment Ins.App. Bd.,* 1998 WL 960713, at *2 (Del.Super.Ct., Dec. 17, 1998) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66–67 (Del.1965)).

[5] *Vick v. Delaware State Hosp. For Chronically Ill,* 2012 WL 4321285.

[6] *Little v. Lewis*, 2014 WL 5025354 (Del. Super., 2014).

[7] *Id.*

[8] *Caffe Gelato, Inc. v. Tulenko*, 2015 WL 757544 (Del. Super., 2015).

It is undisputed that on or about July 17, 2020 Robinson's supervisor, Karen Feeley approached her and told her that a family had complained to her about Robinson's actions during a funeral service. According to Feeley, the family had complained that Robinson had loudly stated to individuals at the service that they needed to get out of a certain area unless they were there to sign the guest book or get prayer cards. Feeley reported that the family thought they had been disrespected by Robinson. Robinson disputed the family's version of the facts. Robinson stated that she had to raise her voice since the individuals did not hear her the first time through the mask she was wearing. According to Robinson she did this only after she tried to get the family's attention several times without a response. Robinson states that there was a large group in a small room, which made the atmosphere loud. According to Robinson she never stated to anyone to get out.

While there was a difference of opinion as to what happened at this particular funeral service, there is no factual dispute about what happened during a meeting on July 20, 2020. At this meeting Robinson met with Feeley and the General Manager Aldo DiNitale to review what had happened at the July 17, 2020 funeral. During this meeting Feeley advised Robinson that her behavior was unacceptable, offensive to the family and would not be tolerated. In response to this comment Robinson advised her employer that she would do the same thing again if the situation repeated itself. Robinson was suspended and eventually terminated.

4

## ANALYSIS

An employer has the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[9] Just cause generally requires a showing that the employee was given a warning stating that further misconduct may result in dismissal.[10] However, willful or wanton conduct is grounds for immediate dismissal, without notice, if the misconduct is sufficiently serious.[11] Insubordination constitutes willful conduct and it includes an employee's failure to follow the reasonable instructions of the employer.[12] A single episode of insubordination can constitute just cause.[13] The focus is whether the conduct was willful or wanton.[14]

The focus of the Board's decision was not on Robinson's pre-July 2020 tardiness. Nor was the focus on the actual events of the July 17, 2020 other than Robinson's admission that she did raise her voice at the funeral to be heard. The focus of the Board's decision were the events at the July 20, 2020 meeting and Robinson's statement that she would do the same thing again. Robinson admits that she made this statement. Feeley testified that she viewed this statement as insubordination.

The Board concluded that as Robinson was terminated after the July 20, 2020 meeting where she insisted that she would do the same thing again indicated that the

---

[9] *Wilson v. Unemployment Insurance Appeal Board*, 2011 WL 3243366 (Del. Super., 2011).
[10] *MBNA v. American Bank, N.A. v. Capella*, 2003 WL 1880127 (Del. Super., 2003).
[11] *Tuttle v. Mellon Bank of Delaware*, 659 A.2d 786, 789, (Del. Super., 1995).
[12] *Scott v. Unemployment Insurance Appeal Board*., 1993 WL 390365 (Del. Super., 1993).
[13] *Id.*
[14] *Brighton Hotels, LLC v. Gennett,* 2002 WL 31558078 (Del. Super., 2002).

action that caused Robinson's termination was her statement at the meeting. The Board further found that this statement constituted misconduct that was sufficiently serious such that no prior warning was required under Delaware law before termination. The Court finds that these factual conclusions are supported by substantial evidence.

The question is whether the Board's factual conclusions support a legal finding that this constituted insubordination. Appellant raises three issues with the Board's finding: (1) that her conduct did not rise to the level sufficient for just cause; (2) that she was entitled to a warning prior to her termination; and (3) that the record evidence does not support the Board's finding that Appellee had a progressive discipline policy and followed its policy in its termination of Appellant.

I begin by addressing Appellant's first argument that her statement did not constitute insubordination. Appellant argues that her statement, that she would raise her voice again in order to get control of a loud room of people, cannot be said to be insubordination as her conduct was not willful or wanton in the first place and was a single isolated incident. Appellant cites to numerous cases to support her position.[15] Most notably, Appellant analogizes her case to *Jarrell v. AmeriSpec Home Inspections, Inc.* and argues that it is not clear from the record and substantial

---

[15] *Wilmington Trust Co. v. Gaines*, *Goins v. Unemployment Ins. Appeal Bd.*, *Hayward v. Employment Sec. Comm'n*, *Barrios v. Perdue & UIAB*, and *Jarrell v. AmeriSpec Home Inspections, Inc.*

evidence does not support the Board's determination that Appellant's statement was insubordination.

In *Jarrell*, the Board held that an employee was terminated for just cause based on her multiple absences and alleged insubordination.[16] This Court reversed and remanded the Board's decision because it was unable to determine if the Board would have reached the same conclusion had it not considered the employee's multiple absences.[17] The employer had conceded that the absences were erroneously considered because it had a "lax" policy requiring documentation for absences.[18] The alleged insubordination in *Jarrell* was an email the employee sent to her supervisor about the employer's incentive program.[19] The Court was unable to determine whether the email was "an isolated, sincere expression difficulty in working conditions from an otherwise satisfactory employee, an expression of defiance from an insubordinate employee, or something in between these two extremes of the continuum."[20]  As to the instant case, these are not the facts.

While Appellant's tardiness was one of the issues Appellee put forward to support termination, it was not the main focus of the Board.  Unlike in *Jarrell*, this Court is able to determine that the Board would have reached the same conclusion, absent Appellant's tardiness issues, because the main focus of its decision was the

---

[16] *Jarrell v. AmeriSpec Home Inspections, Inc.*, 2011 WL 3908162 (Del. Super., August 30, 2011).
[17] *Id.*
[18] *Id.*, at *4.
[19] *Id.*
[20] *Id.* at *5.

statement Appellant made that she would do it again – raise her voice at a funeral – in response to Feeley informing her that her behavior was unacceptable, offensive to the family and would not be tolerated. Further, unlike in *Jarrell*, there was no concession by Appellee that Appellant's tardiness was erroneously considered by the Board. As such, the Court does not find *Jarrell* apposite.

On this record, the Court finds that the Board's factual conclusions support a legal finding that Appellant's statement constituted insubordination.

I next address Appellant's second argument that she was entitled to a warning prior to her termination. Whether conduct is "sufficiently serious" is a fact question, and this Court will not disturb the Board's finding of facts where substantial evidence exists to support its findings. [21] Based on this Court's discussion above, and the record evidence, this Court agrees that an employee's refusal to follow the employer's directives constitutes just cause to terminate the employee without a prior warning.[22] In response to Feeley advising Appellant that her behavior at the July 17, 2020 funeral was unacceptable, offensive to the family and would not be tolerated, Appellant admitted that she would do the same thing again if the situation repeated itself. On this record, the employer was free to terminate Robinson without a prior warning.

---

[21] *Kids & Teens Pediatrics of Dover v. O'Brien*, 2020 WL 6386646, at *2 (October 30, 2020).
[22] *Scott F. Unemployment Insurance Appeal Board*, 1993 WL 390365; *Bugaj v. L & D Suzuki, Inc.*, 2014 WL 2884477.

8

Appellee points this Court to *Shores v. Jack County Maid Deli* which this Court finds instructive. The employee in *Shores* had violated a policy about leaving the service area.[23] This Court said that it was "common sense" that if the employee walked away from the service station without informing someone that the station would be left unoccupied and customers would not be taken care of.[24] To an extent, it may be common sense that a funeral director cannot "yell" at a family during a funeral arrangement. However, there existed a factual dispute as to the character of Appellant's conduct at the July 17, 2020 funeral, and it is the Board, not this Court, that was in the better position to weigh the evidence, determine questions of credibility, and make its own factual findings relating to that issue.

On this record, the Court finds that there is substantial evidence to support the Board's decision that Appellant's conduct was "sufficiently serious," and therefore she was not required to be given a warning prior to her termination.

Finally, I address Appellant's third argument that the record evidence does not support the Board's finding that Appellee had a progressive discipline policy and followed its policy in its termination of Appellant. While violation of company rules may constitute just cause for termination,[25] such was not the justification the Board found for Appellant's termination. The Board concluded that the just cause for Appellant's termination was her statement at the July 2020 meeting. Appellant was

---

[23] *Shores v. Jack's Country Maid Deli*, 2012 WL 1495331, at *2 (Del. Super., April 18, 2012).
[24] *Id.* at *3.
[25] *Jackson v. Christiana Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 9, 2008).

terminated after the meeting where she insisted that she would do the same thing again. A single instance of insubordination is sufficient to satisfy just cause for termination "'if the insubordination consists of a [willful] refusal to follow the *reasonable* directions or instructions of the employer.'"[26] In this case, the Board found that Appellant's statement was sufficient to satisfy just cause for her termination where she indicated to Feeley that she would do the same thing again, despite Feeley informing her that her behavior at the July 17, 2020 funeral was unacceptable, offensive to the family and would not be tolerated.

On this record, the Court finds that there is substantial evidence to support the Board's decision that there was just cause for Appellant's termination based on the Board's finding that Appellant's statement constituted insubordination.

Based on the foregoing, this Court agrees with the Board that an employee's refusal to follow the Employer's directives constitutes just cause to terminate the employee without a prior warning. Robinson admitted that she would do it again – raise her voice at a funeral if the situation repeated itself – after being informed by Feeley that her behavior was unacceptable and would not be tolerated. On this record, the employer was free to terminate Robinson without a prior warning.

---

[26] *Jarrell v. AmeriSpec Home Inspections, Inc.*, 2011 WL 3908162,at *4 (Del. Super., August 30, 2011).

As the Board's decision is supported by substantial evidence and is free from legal error, the Board's decision denying unemployment insurance benefits is AFFIRMED.

**IT IS SO ORDERED**.

/S/ Francis J. Jones, Jr.,

Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

11