# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STROBERT TREE SERVICE, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. S23A-05-001 RHR |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, DELAWARE | ) | |
| DEPARTMENT OF LABOR, | ) | |
| and GEORGE SHAW, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: August 14, 2023
Decided: November 2, 2023

*Upon Consideration of an Appeal of a Decision of the*
*Unemployment Insurance Appeal Board,* **AFFIRMED.**

## <u>MEMORANDUM OPINION AND ORDER</u>

Victoria K. Petrone, Esquire, Brian V. DeMott, Esquire, Baird Mandalas Brockstedt & Federico, LLC, 2711 Centerville Road, Suite 401, Wilmington, Delaware 19808, *Attorneys for Appellant Strobert Tree Service, Inc.*

Victoria W. Counihan, Esquire, Delaware Department of Justice, 820 N. French Street, 6th Floor, Wilmington, Delaware 19801, *Attorney for the Delaware Division of Unemployment Insurance*.

Matthew B. Frawley, Esquire, Delaware Department of Justice, 820 N. French Street, 6th Floor, Wilmington, Delaware 19801, *Attorney for the Unemployment Insurance Appeal Board*.

George Shaw, *Pro Se, Appellee.*

**ROBINSON, J.**

Strobert Tree Service, Inc. ("STS") appeals the decision of the Unemployment Insurance Appeal Board ("UIAB") that upheld the Appeal Referee's decision granting George Shaw ("Shaw") unemployment insurance benefits. Because neither Shaw nor the UIAB filed a response, this opinion is based on STS's arguments raised on appeal and the record below.[1] For the following reasons, the UIAB's decision is **AFFIRMED.**

## BACKGROUND

Shaw was employed by STS, a tree removal company, as an estimator until his termination in September of 2022. Just prior to his termination, Shaw met with an STS customer to provide a quote for tree removal services. The customer commented that she needed repair work to a door, and Shaw offered to do the work as a side job to his regular employment with STS. After Shaw completed the side job, the customer was unhappy with the quality of the work and initially refused payment. The customer claimed Shaw and his partner threatened her and she eventually paid Shaw because she was afraid. The customer complained to Wanda Hancock-Williams, who works in the office of STS, that Shaw threatened her during that interaction. Hancock-Williams relayed the complaint to Andrew Strobert, the owner of STS, who then told Hancock-Williams to fire Shaw. She did so, and

---

[1] *See* Dkt. No. 10.

Shaw—frustrated that he was fired without being given an opportunity to give his side of the story—applied for unemployment benefits.

A Claims Deputy first reviewed the claim and determined that Shaw did not qualify for benefits. Shaw appealed this decision to a Division of Unemployment Insurance Appeals Referee. No one from STS appeared for this hearing, and the Referee overturned the Claims Deputy's decision as unopposed. After STS received the Referee's decision, STS appealed to the UIAB, arguing that it had not received notice of the Referee's hearing. The UIAB remanded the matter to the Referee, and another hearing was scheduled.

During the second hearing before the Appeals Referee, Shaw's partner, who helped him with the side job and was present during the alleged argument between Shaw and the disgruntled customer, testified that the customer avoided paying Shaw, but that no one threatened her. Hancock-Williams and Strobert—neither of whom had witnessed the interaction between Shaw and the disgruntled customer—testified for STS. They stated that they were shocked by the allegations from the customer and that Shaw's alleged behavior reflected badly on STS. The Referee ruled in Shaw's favor, explaining that the only evidence submitted by STS was hearsay and that it could not rely solely on hearsay in reaching its decision. The Referee found

that STS did not establish that there was willful or wanton misconduct on the part of Shaw that would warrant his termination for just cause.

STS appealed the Referee's decision to the UIAB. Before the UIAB, Strobert stated that the complaining customer was not willing to testify because she was afraid of Shaw. He submitted an email from the customer stating that Shaw approached her in a threatening matter and yelled at her. Otherwise, the parties submitted similar evidence to what was presented in the prior proceedings.

Again, the Board held that the evidence presented was hearsay and "the Board cannot rely on hearsay evidence alone to support a conclusion."[2]  Now, STS asks this court to overturn the UIAB decision.

## STANDARD OF REVIEW

On appeal, the court must determine if the UIAB's decision was free from legal error and supported by substantial evidence.[3] Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]  This court will only reverse a board's decision if it "acts arbitrarily or capriciously or exceeded the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[5]

---

[2] UIAB Record at 8.
[3] *Tuttle v. Mellon Bank of Delaware*, 659 A.2d 786, 788 (Del. Super. Ct. 1995).
[4] *Del. Supermarkets, Inc. v. Davis*, 2015 WL 2415655, at *1 (Del. Super. Ct. Apr. 29, 2015).
[5] *Id.*

**DISCUSSION**

Under Delaware law, an employee may not recover unemployment benefits if he was discharged for just cause.[6] "Just cause" is defined as a "willful or wanton act in violation of either the employer's interest or the employee's expected standard of conduct."[7] When arguing that an employee is not entitled to the receipt of unemployment benefits, the employer has the burden of establishing just cause.[8]

Hearsay is an out of court statement which a party offers as the truth.[9] Despite the fact that the UIAB can consider hearsay testimony, a UIAB decision may not be based on hearsay only: "The [UIAB] follows the Delaware Rules of Evidence. The Board may admit and consider hearsay evidence, however, the [UIAB] shall not base its decision solely on hearsay or other evidence not admissible under the Rules of Evidence."[10] In *Delaware Supermarkets, Inc., v. Davis*, an employer terminated an employee after a customer complained that the employee made inappropriate comments about the customer's use of food stamps at checkout.[11] An appeals referee determined (and the UIAB later agreed) that the employee was fired without just

---

[6] *Ocean Limo Transp. LLC, v. Grant*, 2017 WL 1829245, at *2 (Del. Super. Ct. May 3, 2017).
[7] *Del. Supermarkets,* 2015 WL 2415655, at *1.
[8] *Ocean Limo Transp. LLC,* 2017 WL 1829245, at *2.
[9] D.R.E. 801(c)(1)(2).
[10] 19 *Del. Admin. Code* § 1201, Rule 4.7.1 (2022).
[11] *Del. Supermarkets,* 2015 WL 2415655, at *1. *See also Ocean Limo Transp. LLC*, 2017 WL 1829245, at *2 ("A ruling may not rest on hearsay evidence alone.").

cause "because the only evidence provided by the employer . . . was hearsay."[12] In its opinion affirming the UIAB decision, this court explained that the Board has discretion to admit and consider hearsay evidence.[13] However, the court rightly observed that, "decisions cannot be made on hearsay alone."[14]

STS contends that *Delaware Supermarkets*, *Inc.* contemplated an exception to the rule.[15] It does not. While it is true that the decision explains there are situations for which hearsay evidence can be considered, the decision neither overrules Rule 4.7.1, nor creates an exception. The cited language simply explains that there are situations where it is understandable that a complaining customer may not be able to testify in front of the UIAB. However, to satisfy the just cause standard, a single, non-testifying customer complaint is not sufficient.[16]

Without something more, the UIAB cannot render a decision solely based on hearsay evidence.[17] Here, STS only presented hearsay to the UIAB. Based on the foregoing, this Court is satisfied that the Board applied the applicable legal standards

---

[12] *Id.*
[13] *Del. Supermarkets,* 2015 WL 2415655, at *2.
[14] *Id.*
[15] Appellant's Opening Brief on Appeal, D.I. 10 at 14.
[16] *See generally Del. Supermarkets,* 2015 WL 2415655, at *2 ("A submitted complaint to Shop Rite pertaining to the Employee, alone, is not an adequate showing of willful or wanton conduct.").
[17] *Supra* n. 9-10.

and reached the correct decision. Therefore, the judgment of the Board must be

**AFFIRMED.**

**IT IS SO ORDERED.**