**AVON PRODUCTS, INC, and Unemployment Insurance Appeal Board, Defendants-Appellants,**

**v.**

**Martha WILSON, Claimant-Appellee.**

Supreme Court of Delaware.

Submitted: June 30, 1986.
Decided: Aug. 25, 1986.

Jeoffrey L. Burtch of Cooch & Taylor, Wilmington, for Avon Products, Inc., defendant-appellant.

Martha Wilson, pro se, claimant-appellee.

Before CHRISTIE, C.J., McNEILLY and WALSH, JJ.

PER CURIAM:

On June 15, 1984, claimant was discharged from her employment with Avon Products, Inc. ("Avon") for violating company policy by leaving work early without authorization. She filed for unemployment benefits on June 17, 1984. The Claims Deputy found that claimant had been discharged for just cause and was therefore not entitled to receipt of unemployment benefits under 19 *Del.C.* § 3315(2).[1] Claimant appealed to the Appeals Referee, who reversed the decision of the Claims Deputy on the ground that the employer had failed to show just cause. Avon then appealed to the Unemployment Insurance Appeal Board. The Appeal Board reversed the Referee's decision, finding in favor of Avon. Claimant again appealed, this time to the Superior Court. The Court reversed the Appeal Board's decision on February 10, 1986, ruling that claimant was discharged without just cause and therefore entitled to receipt of unemployment benefits. Avon now appeals to this Court.

In May 1984, Avon's management conducted a surveillance operation for approximately a week and a half in order to discover how merchandise was disappearing from the company's work areas. During that time, the surveillance team concluded as a result of its observations that the claimant had left work early on two occasions.

At a meeting on June 11, 1984, Avon's management confronted the claimant with the surveillance information. Claimant was warned not to accumulate her lunch time and breaks so she could leave early, as she claimed she had done, and to leave at her scheduled quitting time. Immediate-

---

1. 19 *Del.C.* § 3315 provides in pertinent part: An individual shall be disqualified for benefits:

.   .   .   .   .

(2) For the period of unemployment next ensuing after an individual has been discharged from his work for just cause in connection with his work.

ly after this meeting, Avon's management became aware that claimant had been leaving early on a fairly regular basis. As a result, they decided to meet with claimant a second time on June 12.

At the June 12 meeting, it became clear that over the preceding several months claimant had on a large percentage of nights left approximately two hours early. It was also learned that claimant had left over three hours early on one occasion and had asked the security guard to call her at home if anyone was looking for her. When confronted with this specific information, claimant admitted leaving early that one time and logging her entire shift on her time sheets, thereby receiving a full day's pay. As a result of the information learned at this second meeting, a recommendation was made for claimant's termination.

■■■■ "Just cause" is defined as a wilful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct. *Abex Corporation v. Todd*, Del.Super., 235 A.2d 271, 272 (1967). When an employer has consistently tolerated certain misconduct on the part of an employee, or when the employer has already punished the employee by a mere verbal reprimand, such misconduct usually would not be a major factor in establishing just cause for the employee's discharge. *Cf. Boughton v. Division of Unemployment Insurance*, Del.Super., 300 A.2d 25, 27 (1972).

■■■ In this case, however, the "last chance" warning given claimant on June 11, 1984 did not encompass the misconduct for which claimant was discharged. Avon's management was unaware of the severity and extent of claimant's violations until after the June 11 meeting. Without knowledge of the true extent of these violations of company policy, Avon, by warning claimant on June 11, did not tolerate the actions of claimant later relied upon as the basis for her dismissal. Thus, the claimant's violations other than the two known by management at the June 11 meeting can serve to establish wilful or wanton misconduct constituting just cause for claimant's termination. Accordingly, claimant is not entitled to collect unemployment insurance.

\* \* \*

In conclusion, we find that the decision of the Unemployment Insurance Appeal Board in favor of Avon is supported by substantial evidence and is free from legal error. *See Unemployment Insurance appeal Board v. Duncan*, Del.Supr., 337 A.2d 308, 308–09 (1975); 19 *Del.C.* § 3323(a). We therefore REVERSE the judgment of the Superior Court and REMAND this case for further proceedings consistent with this opinion.