## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE R. MATCHIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N16A-03-005 FWW |
| | ) | |
| MUMFORD & MILLER CONCRETE, | ) | |
| INC. & UNEMPLOYMENT | ) | |
| INSURANCE APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: December 12, 2016
Decided: January 4, 2017

Upon Appellant's Appeal of the Unemployment Insurance Appeal Board's
Decision:
**AFFIRMED**.

### MEMORANDUM OPINION AND ORDER

Bruce R. Matchin, *pro se*, 116 Foxtail Lane, Middletown, Delaware 19709;
Appellant.

Paige J. Schmittinger, Esquire, Delaware Department of Justice, 820 North French
Street, Wilmington, Delaware 19801; Attorney for Appellee Unemployment
Insurance Appeal Board.

Scott E. Chambers, Esquire, Schmittinger & Rodriguez, P.A., 414 South State
Street, P.O. Box 497, Dover, Delaware 19901; Attorney for Appellee Mumford &
Miller Concrete, Inc.

**WHARTON, J.**

# I. INTRODUCTION

Bruce Matchin ("Appellant") filed a Notice of Appeal on March 14, 2016, requesting a review of the March 10, 2016 decision by the Unemployment Insurance Appeal Board ("UIAB"). Appellant contends that the UIAB erred when it denied him unemployment insurance benefits because Appellant's employer terminated him without just cause. Contrary to the UIAB's findings, Appellant argues that Appellant's foreman gave him permission to operate the construction equipment at issue in this case.

In considering this appeal, the Court must determine whether the UIAB's decision to deny Appellant unemployment insurance benefits is supported by substantial evidence and is free from legal error. Upon consideration of the pleadings before the Court and the record below, the Court finds that there is substantial evidence to support the UIAB's decision, and the UIAB did not commit legal error in reaching its decision. Accordingly, the UIAB's decision is **AFFIRMED.**

## II. FACTUAL AND PROCEDURAL CONTEXT

On March 5, 2014, Appellant filed an employment application with Mumford & Miller Concrete, Inc. ("Mumford & Miller") for a full-time position as a laborer.[1] In his application, Appellant indicated that he was certified to operate

---

[1] R. at 12–14.

machinery, such as lulls, bobcats, and mini-excavators.[2] Appellant was eventually hired by Mumford & Miller, and he began working for them in 2015.[3]

On October 26, 2015, Appellant was performing pavement removal and replacement.[4] At some point, Appellant began operating a loader.[5] Appellant eventually lost control of the loader and it struck a parked vehicle on the worksite.[6] Appellant claims that the loader's brakes were malfunctioning at the time of the incident.[7] Nevertheless, Appellant was terminated for this incident on October 27, 2015.[8]

On October 28, 2015, Appellant applied for unemployment insurance benefits with the Department of Labor.[9] On November 17, 2015, the Claims Deputy determined that Appellant was disqualified from receiving unemployment benefits pursuant to 19 *Del. C.* § 3314(2) because Appellant operated the loader without his foreman's permission.[10] The Claims Deputy also found that the loader did not malfunction, as evidenced by two inspections of the loader after the

---

[2] *Id.* at 13.
[3] *Id.* at 19.
[4] *Id.* at 7.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 19.
[9] *Id.* at 1.
[10] *Id.* at 21. *See* § 3314(2) ("An individual shall be disqualified for benefits: For the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.").

3

incident occurred.[11] Appellant appealed this determination on November 19, 2015.[12]

At the December 8, 2015 hearing before an Appeals Referee, Todd Willits ("Willits"), a representative of Mumford & Miller, testified that Appellant was discharged for willful misconduct when he operated a loader without the permission of the foreman.[13] According to Mumford & Miller's safety handbook, an employee is not permitted to operate equipment of any kind unless the employee has been trained to do so.[14] Willits testified that Appellant signed this document acknowledging the handbook's contents.[15] Although Appellant's application indicated that he was certified to operate a loader, Willits testified that Appellant was neither trained on this specific loader nor allowed to operate it.[16] Moreover, Appellant's foreman, Mike Holcomb ("Holcomb"), testified that he has seen Appellant operate equipment before, but Holcomb never directed Appellant to operate this specific loader because Appellant was not trained on it.[17] Therefore, Willits testified that Appellant was in direct violation of Mumford & Miller's policies.

---

[11] R. at 21.
[12] *Id.* at 24.
[13] *Id.* at 32.
[14] *Id.* at 36–37, 9–10.
[15] *Id.*
[16] *Id.* at 33.
[17] *Id.* at 35.

Additionally, Willits testified that inspections subsequent to the incident showed that the loader was functioning properly.[18] Specifically, Willits testified that the loader, which was "fairly new" at the time of the incident, was inspected by Mumford & Miller's own equipment manager and by an independent mechanic.[19] Willits therefore stated that Appellant's explanation for wrecking the loader was "dishonest."[20]

In contrast, Appellant testified that he received permission to operate the loader. Notably, Appellant testified that Holcomb asked Appellant to operate the loader an hour before the incident occurred, and Appellant did so without any problems.[21] Appellant testified that Holcomb again asked Appellant to operate the loader.[22] While Appellant was operating the loader the second time, Appellant stated he lost control of it due to its malfunctioning brakes.[23]

The Appeals Referee determined that Appellant was disqualified from receiving unemployment benefits under 19 *Del. C.* § 3314(2) because Appellant was discharged for just cause.[24] In the Referee's decision, the Referee stated that an employer "must demonstrate by a preponderance of evidence that the Claimant

---

[18] *Id.* at 37–38.
[19] *Id.*
[20] *Id.* at 34.
[21] *Id.* at 34–35.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 41.

5

was discharged for just cause in connection with his work."[25]  The Referee stated that just cause exists where the claimant commits willful or wanton conduct in violation of the employer's interests.[26]  As such, the Referee determined that Appellant abandoned his employer's interests when Appellant recklessly operated the loader without his foreman's permission.[27]  On December 14, 2015, Appellant appealed the Referee's decision to the UIAB.[28]

On March 10, 2016, the UIAB affirmed the Referee's decision and denied Appellant's receipt of unemployment insurance benefits.[29]  The UIAB noted that the "testimony before the Board was substantially similar to that presented to the Referee."[30]  As a result, the UIAB adopted the Referee's decision as its own.[31]

### III. THE PARTIES' CONTENTIONS

Appellant's arguments are essentially the same as those that were presented to the UIAB—that is, Appellant contends that the foreman told Appellant to operate the loader on the night of the incident.[32]  As a result, Appellant argues that he did not violate his employer's work policies.[33]

---

[25] *Id.* at 41.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 43.
[29] *Id.* at 57.
[30] *Id.*
[31] *Id.*
[32] *See* Appellant's Opening Br., D.I. 9.
[33] *See id.*  Appellant also attempts to use Mumford & Miller's OSHA violations to support his argument.  Appellant contends that Mumford & Miller violated OSHA regulations as a result of

6

In contrast, Mumford & Miller contends that Appellant's arguments "focus exclusively on the credibility of witnesses," and the Court is not permitted to reassess their credibility on appeal.[34] Furthermore, Mumford & Miller asserts that the UIAB's decision must be affirmed because substantial evidence exists to support the UIAB's finding that Appellant operated the loader without permission.[35]

Counsel for the UIAB indicated that it did "not intend to file an answering brief in this matter" because this underlying cause "was decided on the merits, and the Appellant raises only challenges to the Board's decision on the merits."[36]

## IV. STANDARD OF REVIEW

The UIAB's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[37] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a

---

Appellant's incident. Because this evidence was not presented below, the Court will not consider it on appeal for the first time. Nevertheless, the Court is unable to discern how these OHSA violations could support Appellant's argument. For instance, Mumford & Miller committed a violation when it "failed to permit only those employees qualified by training or experience to operate a front loader and other equipment or machinery." *Id.* This evidence, as the Court interprets it, actually supports the UIAB's conclusion that Appellant was not qualified to operate the loader. Furthermore, Mumford & Miller contends that the OSHA violations "were withdrawn by OSHA on May 4, 2016." *See* Appellee's Answering Br., D.I. 11, at n.4.

[34] *See* D.I. 11, at 8.
[35] *Id.* at 8–9.
[36] Letter from Appellee UIAB, D.I. 10.
[37] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

conclusion.[38] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[39] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the Court finds that the UIAB "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[40] Questions of law are reviewed *de novo*.[41]

## V. DISCUSSION

Pursuant to § 3314(2), "an employee who is discharged for 'just cause' is disqualified from receiving unemployment insurance benefits."[42] Generally, "just cause" exists when an employee commits a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[43] "Willful" conduct is conduct that "implies actual, specific, or evil intent," and "wanton" conduct is conduct that "is heedless, malicious, or reckless, but not done with actual intent to cause harm."[44]

---

[38] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[39] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

[40] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

[41] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).

[42] *Moeller v. Wilmington Sav. Fund Soc.*, 723 A.2d 1177, 1179 (Del. 1999) (citations omitted).

[43] *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986) (citing *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. 1967)).

[44] *Tuttle v. Mellon Bank of Delaware*, 659 A.2d 786,789 (Del. Super. 1995) (citing *Farmer v. E.I. DuPont De Nemours and Co.*, 1994 WL 711138, at *3 (Del. Super. Nov. 9, 1994)).

After reviewing the record, the Court finds that the UIAB's decision that Appellant was discharged for just cause is supported by substantial evidence. In essence, Appellant seeks for this Court to reweigh the evidence to find that he was discharged without just cause. Notably, Appellant would have the Court find that Holcomb did in fact tell him to operate the machinery. However, that is not the Court's role at this stage in the proceeding. The Court cannot reweigh the evidence or determine the credibility of the witnesses. At this stage, the Court's role is limited to determining whether substantial evidence exists to support the UIAB's findings. Here, such evidence exists. For instance, despite the fact that Appellant's employment application indicated he was qualified to operate certain machinery, both Willits and Holcomb testified that they did not give Appellant permission to operate the specific loader at issue. The UIAB relied on the testimony of these two witnesses to conclude that Appellant disregarded his employer's interests. Such reliance cannot be disturbed because "a reasonable mind might accept [their testimony] as adequate to support a conclusion."[45]

## VI. CONCLUSION

For the foregoing reasons, the Court finds that the UIAB's decision is supported by substantial evidence and is free from legal error.

---

[45] *Oceanport Indus.*, 636 A.2d at 899.

Therefore, the UIAB's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, Judge

10