IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAVEZ EATON, | § | |
| | § | No. 469, 2017 |
| Appellant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| ARCH TELECOM, INC. and | § | C.A. No. K17A-02-002 |
| UNEMPLOYMENT INSURANCE | § | |
| APPEAL BOARD, | § | |
| | § | |
| Appellees Below, | § | |
| Appellees. | § | |

Submitted: March 9, 2018
Decided: April 24, 2018

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 24th day of April 2018 upon consideration of the appellant's opening brief and the record below,[1] it appears to the Court that:

(1)    The appellant, Chavez Eaton, filed this appeal from the Superior Court's November 14, 2017 order affirming the February 2, 2017 decision of the UIAB.[2]  We find no merit to the appeal.  Accordingly, we affirm.

---

[1] No answering briefs were filed.  The Unemployment Insurance Appeal Board ("UIAB") informed the Court that it would not participate in the appeal because the appellant argued the underlying merits of the case and the UIAB, as a body acting in a judicial or quasi-judicial manner, did not have a cognizable interest in having its rulings sustained.

[2] *Eaton v. Arch Telecom, Inc.*, 2017 WL 4857110 (Del. Oct. 25, 2017).

(2)    Eaton worked as a sales associate for ArchTelecom from July 9, 2015 to October 26, 2016.  He received multiple write-ups for various workplace issues, including violation of the dress code and failure to follow company policies.  On October 10, 2016, ArchTelecom issued Eaton a final warning.  The final warning identified multiple issues with Eaton's work performance, including cash handling errors, unauthorized breaks, failure to meet key performance metrics, and dress code violations. Eaton was warned that he would be terminated in the event of any similar infractions.   He was also informed that his metrics and performance would be monitored.

(3)    On October 22, 2016, Eaton was suspended.  On October 26, 2016, Eaton was terminated.  The termination notice stated that Eaton had continued to take unauthorized breaks, harassed a co-worker after he was told to stop, and failed to meet the requirements of the performance improvement plan in the final warning.

(4)    Eaton filed a claim for unemployment benefits with the Division of Unemployment Insurance.  On November 14, 2016, a claims deputy concluded that Eaton was disqualified from receiving unemployment benefits because he was discharged for willful or wanton misconduct.  Eaton timely filed a notice of appeal.

(5)    On December 12, 2016, there was a hearing before an appeals referee. The appeals referee heard testimony from Eaton and an ArchTelecom representative. On December 12, 2016, the appeals referee issued her decision affirming the

2

decision of the claims deputy. The appeals referee found that ArchTelecom warned Eaton further infractions would result in termination, there were further infractions by Eaton, and Eaton was terminated for just cause. Eaton timely appealed the decision of the appeals referee.

(6) The UIAB heard Eaton's appeal on January 11, 2017. Eaton and an ArchTelecom representative testified at the hearing. On February 2, 2017, the UIAB issued its decision affirming the decision of the appeals referee. The UIAB concluded that ArchTelecom gave Eaton a final warning that certain conduct, including the taking of unauthorized breaks, would result in termination, Eaton subsequently took unauthorized breaks and was found to have harassed a co-worker by repeatedly asking her if she had reported his unauthorized breaks to management, and Eaton was discharged for just cause. Eaton timely appealed the UIAB's decision to the Superior Court.

(7) On appeal to the Superior Court, Eaton argued that the final warning could not be unambiguous because it identified six different issues with his performance. He also argued that his metrics and performance were not monitored as provided for in the final warning. The Superior Court found that the final warning was unambiguous and that there was substantial evidence supporting the UIAB's determination that Eaton received adequate notice, his neglect of his duties was

3

willful and wanton, and he was terminated for just cause.[3] The Superior Court affirmed the UIAB's decision.[4] This appeal followed.

(8)     This Court's review of an appeal from the UIAB to the Superior Court is limited to a determination of whether there is substantial evidence in the record to support the UIAB's findings and whether such findings are free from legal error.[5] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[6] Like the Superior Court, this Court considers the record in the light most favorable to the party prevailing on the UIAB appeal.[7] We do not weigh the evidence, determine questions or credibility, or make our own factual findings.[8]

(9)     An employee who is discharged for just cause is disqualified from receiving unemployment benefits.[9] Generally, there is just cause if an employee commits a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[10] "If an employer consistently tolerates willful or wanton misconduct, however, the employer may not be justified in firing employees without first warning them that

---

[3] *Eaton*, 2017 WL 4857110, at *2.
[4] *Id.*
[5] *Thompson v. Christiana Care Health System*, 25 A.3d 778, 782 (Del. 2011).
[6] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994).
[7] *Thompson*, 25 A.3d at 782.
[8] *Id.*
[9] 19 *Del. C.* § 3314(2).
[10] *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986).

their conduct no longer is acceptable."[11]  The employer bears the burden of proving by a preponderance of the evidence that the employee was terminated for just cause.[12]

(10)  On appeal, Eaton argues that: (i) his conduct was not willful or wanton because he was not reprimanded for failing to follow his work schedule or meet his key metrics before the October 10, 2016 final warning; (ii) he achieved his sales quota for two of the three months referenced in the final warning; (iii) the final warning stated that his metrics and performance would be monitored but they were not; and (iv) the termination notice did not identify the specific instances where he failed to follow his schedule.  With the exception of the monitoring claim, Eaton did not raise these arguments in the Superior Court so we review for plain error.[13]  There is no error, plain or otherwise, here.

(11)  We have carefully reviewed the record in this case, including the transcripts of the hearings before the appeals referee and the UIAB.  There was substantial evidence to support the UIAB's findings that Eaton received a final warning for various work performance issues, including unauthorized breaks, he took unauthorized breaks after the final warning and engaged in new misconduct by

---

[11] *Moeller v. Wilmington Savs. Fund Soc'y*, 723 A.2d 1177, 1179 (Del. 1999).
[12] *Edmunds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012).
[13] Supr. Ct. R. 8.

harassing a co-worker, and he was terminated for just cause. Although Eaton claims that he was not warned about failing to follow his work schedule or meet performance metrics before the final warning, he does not dispute that he was notified of those issues in the final warning. The final warning also reflects that there were multiple performance metrics, not just sales quota, that Eaton had failed to meet in the previous three months.

(12)   As to Eaton's claim that his progress was not monitored as provided for in the final warning, there were less than two weeks between the final warning and his suspension. The record reflects that Eaton's performance was in fact monitored during that time because he was told to stop harassing a co-worker and his unauthorized breaks were detected. The UIAB's findings are supported by substantial evidence and free from legal error. The judgment of the Superior Court must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice