IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| YOLANDA BOUYER-BELLO, | § | |
| | § | No. 178, 2018 |
| Appellant Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K17A-09-004 |
| UNEMPLOYMENT INSURANCE | § | |
| APPEAL BOARD, | § | |
| | § | |
| Appellee Below- | § | |
| Appellee. | § | |

Submitted: June 8, 018
Decided: July 30, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

This 30th day of July 2018, upon consideration of the appellant's opening brief and the record below, it appears to the Court that:

(1) The appellant, Yolanda Bouyer-Bello, filed this appeal from the Superior Court's March 12, 2018 order affirming the decision of the Unemployment Insurance Appeal Board ("UIAB").[1] We find no merit to the appeal and, therefore, affirm the Superior Court's judgment.

---

[1] *Bouyer-Bello v. Tricell Commc'ns, LLC*, 2018 WL 1271445 (Del. Mar. 12, 2018).

(2) Bouyer-Bello was an employee of Tricell Communications, LLC between June 2016 and April 2017. She was terminated for violating Tricell's policy against working while under the influence of drugs or alcohol. On May 18, 2017, a Department of Labor claims deputy found that Bouyer-Bello was eligible for unemployment benefits because she was not discharged for just cause. Tricell appealed the decision.

(3) On June 14, 2017, the appeals referee held a telephonic hearing on Tricell's appeal. The appeals referee heard testimony from Bouyer-Bello and her manager. The appeals referee found that Tricell fired Bouyer-Bello for just cause, and, more particularly, because she left the store unmanned to smoke in the back and admitted to being high. Bouyer-Bello appealed the appeals referee's decision to the UIAB.

(4) On September 13, 2017, the UIAB held a hearing on Bouyer-Bello's appeal. The UIAB heard testimony from Bouyer-Bello, her manager, and the store owner. The UIAB affirmed the appeals referee's decision, finding the manager's testimony more credible than Bouyer-Bello's and that Tricell had just cause to terminate Bouyer-Bello. Bouyer-Bello appealed the UIAB's decision to the Superior Court.

(5)     In an order dated March 12, 2018, the Superior Court affirmed the UIAB's decision.[2] The Superior Court found that there was substantial evidence to support the UIAB's conclusion that Tricell terminated Bouyer-Bello for just cause.[3] This appeal followed.

(6)     This Court's review of an appeal from the UIAB to the Superior Court is limited to a determination of whether there is substantial evidence in the record to support the UIAB's findings and whether such findings are free from legal error.[4] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[5] Like the Superior Court, this Court considers the record in the light most favorable to the party prevailing on the UIAB appeal.[6] We do not weigh the evidence, determine questions of credibility, or make our own factual findings.[7]

(7)     An employee who is discharged for just cause is disqualified from receiving unemployment benefits.[8] Generally, there is just cause if an employee commits a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[9]

---

[2] *Bouyer-Bello*, 2018 WL 1271445, at *2.
[3] *Id.*
[4] *Thompson v. Christiana Care Health System*, 25 A.3d 778, 782 (Del. 2011).
[5] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994).
[6] *Thompson*, 25 A.3d at 782.
[7] *Id.*
[8] 19 *Del. C.* § 3314(2).
[9] *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986).

The employer bears the burden of proving by a preponderance of the evidence that the employee was terminated for just cause.[10]

(8) On appeal, Bouyer-Bello argues that there was no evidence to support the manager's testimony and that the manager made false statements. We have carefully reviewed the record in this case, including the transcripts of the hearings before the appeals referee and the UIAB. There was substantial evidence to support the UIAB's finding that Bouyer-Bello was terminated for just cause.

(9) This evidence included Tricell's policy against working while under the influence of drugs and the manager's testimony that (i) there was a strong odor of burning fluid in the store, (ii) Bouyer-Bello left the store unattended to smoke in the back, (iii) she had a strange smile and glassy eyes, (iv) she appeared to be intoxicated and in no condition to deal with customers, and (v) she admitted to being high. Bouyer-Bello herself testified before the appeals referee that she nodded yes when the manager asked her if she was high. Bouyer-Bello subsequently claimed that she was nodding sarcastically, but the UIAB found the manager's testimony more credible. "The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the UIAB to determine."[11] The Superior Court did not err in affirming the UIAB's decision that Bouyer-Bello was

---

[10] *Edmunds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012).
[11] *Evans v. Tansley*, 1988 WL 32033, at *2 (Del. Mar. 29, 1988).

4

disqualified from receiving unemployment benefits because she was discharged for just cause.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice