IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIDS & TEENS PEDIATRICS OF DOVER, | § § | No. 51, 2020 |
| | § | |
| Appellant Below, | § | Court Below—Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | Civ. A. No. K19A-08-001 JJC |
| | § | |
| MARIE O'BRIEN and | § | |
| UNEMPLOYMENT INSURANCE | § | |
| APPEAL BOARD, | § | |
| | § | |
| Plaintiff Below, Appellee. | § | |

Submitted: September 4, 2020
Decided: October 30, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1)    The appellant, Kids & Teens Pediatrics of Dover (the "Employer"), disputes the decision of the Unemployment Insurance Appeal Board (the "UIAB" or the "Board") that found that the appellee, Marie O'Brien, was not fired for just cause and therefore was entitled to unemployment benefits. For the reasons stated below, we affirm the Superior Court's order affirming the Board's decision.

(2)    O'Brien worked for the Employer from September 16, 2018, through March 27, 2019, when the Employer terminated her from her position as office

manager. O'Brien sought unemployment benefits. On April 22, 2019, a claims deputy determined that the Employer had discharged O'Brien for just cause because of an incident relating to a missing office stamp, and that O'Brien therefore was ineligible for unemployment benefits.[1]

(3) O'Brien appealed. Following a hearing, the appeals referee found that O'Brien "was discharged without [warning] due to co-worker complaints and for the missing office stamp."[2] Because the Employer did not provide O'Brien with an unequivocal warning that put her "on clear notice that a repetition or continuation of certain behavior may lead to dismissal,"[3] the appeals referee determined that the Employer had terminated O'Brien without just cause and that O'Brien therefore was qualified to receive benefits.

(4) The Employer appealed to the UIAB, which held a hearing on July 10, 2019. Dr. Osama Hussein and Amal Fouad, the Employer's owners, testified at the hearing. Dr. Hussein testified that he and Fouad had engaged in several "sit-downs" with O'Brien regarding her conduct around the office. He also focused on the missing office stamp and described his review of a surveillance video that showed that O'Brien knocked the stamp from her desk into a trash can while she was talking on her cell phone. He said that it appeared that O'Brien saw what had happened but

---

[1] Appendix to Opening Bief, at A005.
[2] *Id.* at A008.
[3] *Id.* at A009.

2

did nothing; he also said that after asking her about the stamp, he gave her a week to try to locate it, but she took no action.

(5)     Fouad testified regarding complaints that other employees had made regarding O'Brien's behavior toward them in the office and in front of a patient. She testified that "[t]here was a long meeting to discuss [O'Brien's] performance but only a verbal warning was given."[4]  O'Brien appeared at the hearing and stated that she was not given even a verbal warning; she otherwise stood on the record.[5]

(6)     The UIAB affirmed the appeals referee's decision, concluding that O'Brien's termination was without just cause and that she was therefore qualified to receive unemployment benefits.  The Board wrote:

> The problem below remains the problem here.  Claimant was not warned before she was fired.  There is no dispute that Claimant was not given a written warning before she was terminated.  Under Delaware law, an employer's obligation to show "just cause" also includes the burden to show "notice to the employee in the form of a final warning that further poor behavior or performance may lead to termination." That evidence is missing here.
> The sole exception to this rule is when the willful or wanton misconduct is "sufficiently serious" such that no prior warning is required.  The Board considers the question of what is "sufficiently serious" to be a question of fact.  Based on the evidence presented, the Board concludes that Claimant's alleged misconduct falls short of sufficiently serious willful and wanton misconduct such that she could be terminated for just cause without a prior warning.  Employer presented no evidence that Claimant stole or willfully (or even recklessly) misplaced the stamp.  Rather, the evidence shows that Claimant may have unwittingly knocked the stamp into the trash.  Nor

---

[4] *Id.* at A014.
[5] *Id.* at A131.

did Employer's generic evidence of poor performance and employee complaints show that Claimant's alleged misconduct [rose] to the extraordinary level of "sufficiently serious" misconduct such that the Board can conclude no advance warning was necessary.

Because Employer did not issue a prior written warning to Claimant before she was terminated, under Delaware law, the Board concludes that she was terminated without just cause.[6]

(7)     On the day of the UIAB hearing, the Employer's counsel, whom the Employer had very recently retained, sent a letter to the Board requesting a rehearing because a staff member had denied counsel access to the hearing when counsel arrived two minutes late.  The Board denied the request in a memorandum opinion and decision that was mailed to the Employer on August 6, 2019.[7]  The notice of appeal that the Employer filed, *pro se*, in the Superior Court on August 5, 2019, did not identify the order denying rehearing as an order from which the Employer was appealing, but it did state that one of the grounds for the appeal was that counsel had been denied entry to the hearing.  After filing the notice of appeal, the Employer retained a different attorney, who filed an opening brief on the Employer's behalf.  That brief recited facts relating to the denial of counsel's entry to the hearing, but did not make any arguments for reversal based on those facts.  The reply brief filed in the Superior Court cursorily argued that a party should not be punished for its

---

[6] *Id.* at A015 (citations omitted).
[7] Appendix to Answering Brief of UIAB, at B009-14.

4

attorney's mistake absent a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.

(8)     In the Superior Court appeal, the Employer presented the following arguments that are relevant to this appeal: (i) the UIAB's decision was not supported by substantial evidence because the UIAB failed to consider the Employer's evidence that O'Brien's conduct was in violation of policies set forth in the Employer's employee handbook and that she received multiple warnings regarding her behavior before her termination; (ii) the UIAB erroneously determined that the Employer was required to give O'Brien a final, written warning before terminating her, and that the final warning was required to provide O'Brien with notice that her conduct, if continued, would lead to termination; (iii) O'Brien's conduct was sufficiently serious to justify termination without prior warning; and (iv) barring the Employer's counsel from the hearing before the Board erroneously punished the Employer for the attorney's mistake, without a clear record of delay or willful contempt and a determination that lesser sanctions would not suffice.

(9)     The Superior Court affirmed the UIAB's decision.[8] The court held that the UIAB did not commit reversible error when the Board's staff person denied the Employer's counsel access to the hearing because the Employer had not had counsel in the earlier proceedings; the attorney had not made the Board aware of the

---

[8] *Kids & Teens Pediatrics of Dover v. O'Brien*, 2020 WL 95849 (Del. Super. Ct. Jan. 8, 2020).

representation by entering an appearance or otherwise communicating with the Board; and the Employer did not notify the Board during the hearing that it had an attorney, that the attorney was not present, or that it desired an attorney.[9] The Superior Court held that the UIAB correctly applied Delaware law requiring a final warning to an employee before termination. The court also determined that the record contained substantial evidence that the Employer had not given O'Brien a final warning and that O'Brien's conduct was not sufficiently serious to warrant termination without a final warning.

(10) This appeal followed. The Employer argues that this Court should reverse the Superior Court's decision because (i) the Employer was denied due process when its counsel was barred from attending the hearing; and (ii) the Superior Court erroneously held that the Employer was required to provide O'Brien with a final, written warning before termination.

(11) With respect to the Employer's argument that it was denied due process when the UIAB staff member prevented the Employer's counsel from entering the hearing room, we affirm on the basis of the Superior Court's order dated January 8, 2020. The allegation that a Board staff member might have prevented counsel from attending the hearing because of a two-minute delay in her arrival is concerning,

---

[9] Despite the Employer's cursory argument on this issue in the Superior Court, which it raised for the first time in the reply brief, the court undertook a thoughtful analysis of the potential due process implications and determined that the UIAB did not commit legal error.

especially in light of the ten-minute grace period afforded by the UIAB regulations. But neither counsel nor the Employer notified the Board that the Employer had retained counsel, nor does the transcript reflect that either of the principals of the Employer who attended the hearing asked the members of the Board for a delay or provided any indication to the members of the Board that they had retained counsel, that counsel was unexpectedly missing, or that they lacked any evidence because it was in counsel's possession.

(12)   The Employer also now argues that it was denied due process when the UIAB staff member told Fouad and Dr. Hussein that they could not bring another witness, an employee of the appellant, into the hearing. This issue was not raised in the request for a rehearing or in the Superior Court appeal—nor did Fouad or Dr. Hussein give the Board any indication that they had another witness who had been denied entry—and we decline to consider it for the first time on appeal.[10]

(13)   On the merits, the Employer argues that (i) Delaware law did not require the Employer to give O'Brien a final, written warning before termination and (ii) O'Brien's conduct was sufficiently serious to warrant termination without a final warning. We have carefully reviewed the record in this case and have concluded that the Superior Court did not err in affirming the UIAB's decision that O'Brien

---

[10] DEL. SUPR. CT. R. 8.

7

was qualified to receive unemployment benefits because she was discharged without just cause.

(14) An employee who is discharged for just cause is disqualified from receiving unemployment benefits.[11] As a general matter, there is just cause if an employee commits a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[12] If an employer "consistently tolerates willful or wanton misconduct," then "the employer may not be justified in firing employees without first warning them that their conduct no longer is acceptable."[13] The employer bears the burden of proving by a preponderance of the evidence that it terminated the employee for just cause.[14]

(15) This Court's review of an appeal from the UIAB to the Superior Court is limited to a determination of whether there is substantial evidence in the record to support the UIAB's findings and whether such findings are free from legal error.[15] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[16] Like the Superior Court, this Court considers the record in the light most favorable to the party that prevailed in the UIAB

---

[11] 19 *Del. C.* § 3314(2); *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015).
[12] *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986).
[13] *Moeller v. Wilmington Sav. Fund Soc'y*, 723 A.2d 1177, 1179 (Del. 1999).
[14] *Murphy & Landon*, 121 A.3d at 1222.
[15] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011).
[16] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994).

proceeding.[17]   Neither we nor the Superior Court weigh the evidence, determine questions of credibility, or make our own factual findings.[18]

(16)   Giving appropriate deference to the UIAB's factual determinations and considering the record in the light most favorable to O'Brien, we cannot conclude that the Board erred in finding that the Employer failed to carry its burden of proving that it terminated O'Brien for just cause.  The Employer presented some evidence that O'Brien engaged in inappropriate and unprofessional conduct, but the UIAB reasonably found that O'Brien's conduct "did not constitute such wilful or wanton action as to furnish just cause for [her] dismissal" without warning.[19]   Moreover, although no *written* warning was required, the Employer's failure to issue a written warning left it for the Board to weigh the conflicting oral testimony regarding whether any warning was given.  The record contains sufficient evidence to support the Board's determination that no warning was given, and the Superior Court therefore did not err in affirming the Board's conclusion that O'Brien was terminated without just cause.[20]

---

[17] *Thompson*, 25 A.3d at 782.
[18] *Id.*
[19] *See Weaver v. Employment Sec. Comm'n*, 274 A.2d 446, 447 (Del. 1971).
[20] *See Bouyer-Bello v. Unemployment Ins. Appeal Board*, 2018 WL 3636231, at *2 (Del. July 30, 2018) (where the record contained sufficient evidence to support the UIAB's findings, the Superior Court did not err by affirming the UIAB's decision, because the "credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the UIAB to determine" (internal quotation omitted)).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice