# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TYRESE MATTHEWS,           :
                                  :
                                  :     C.A. No.: K24A-04-002 JJC
          Appellant,      :
                                  :
        v.                       :
                                  :
UNEMPLOYMENT INSURANCE      :
APPEAL BOARD and              :
WALMART ASSOCIATES, INC.,      :
                                  :
          Appellees.      :

Submitted: August 27, 2024
Decided:    October 7, 2024

## <u>ORDER</u>

On this 7th day of October 2024, having considered Appellant Tyrese Matthews' appeal of the decision of the Unemployment Insurance Appeal Board (the "Board" or "UIAB"), Mr. Matthews's briefing, and the UIAB's record,[1] it appears that:

1.      Mr. Matthews appeals a UIAB finding that Walmart Associates, Inc. ("Walmart") terminated him for just cause, which in turn, disqualified him from receiving unemployment insurance benefits. Mr. Matthews worked as a frontline member for Walmart until Walmart terminated him in July 2023.[2] He then filed for

---

[1] Despite being issued a Delinquent Brief Notice (D.I. 10), Walmart declined to file an answering brief or participate in this appeal. As a result, the Court clarified by written Order (D.I. 12) that it would decide this matter based only upon the UIAB's record and Mr. Matthews' briefing pursuant to Superior Court Civil Rule 72(i).

[2] Ref. Hr'g, Emp.'s Ex. 1, R. at 48 [hereinafter the Court will refer to the certified record before the Board as "R. at . . ."].

benefits. Initially, a Division of Unemployment Insurance claims deputy found him eligible to receive benefits because Walmart did not demonstrate just cause for his termination.[3]

2. The record reveals possible disputes regarding the claims deputy's findings of no just cause and the amount due Mr. Matthews. It is also unclear regarding who appealed the claims deputy's decision. In any event, one of the parties appealed the matter to an appeals referee (the "Referee") who reversed the claims deputy's finding that Walmart had just cause to terminate Mr. Matthews.[4] Mr. Matthews then appealed that decision to the UIAB.

3. At the UIAB hearing, Mr. Matthews contended that Walmart did not have just cause to terminate him.[5] The Board heard and considered Mr. Matthews's and Walmart's respective versions of the events.[6] The Board then affirmed the Referee's decision.[7]

4. The Board reviewed and considered the record developed at the Referee's hearing and heard additional evidence.[8] In the Referee hearing, two of Mr. Matthews's former supervisors testified that Mr. Matthews committed insubordination by refusing to follow a directive.[9] Walmart also presented a copy of its Code of Conduct (the "Code") at the hearing together with testimony that Mr.

---

[3] R. at 107.
[4] R. at 42.
[5] R. at 21.
[6] R. at 21–28.
[7] *See* Decision of the Unemployment Ins. Appeal Bd., R. at 4.
[8] *See* 19 *Del. C.* § 3320 (providing that, "[t]he Unemployment Insurance Appeal Board may on its own motion affirm, modify or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case or direct the taking of additional evidence or may permit any of the parties to such decision to initiate further appeal before it . . ..)". This provision affords the Board "substantial latitude as to what evidence it may consider in reaching a decision." and permits the Board to "base its decision on evidence previously submitted to the Appeals Referee or on new, additional evidence." *Robbins v. Deaton*, 1994 WL 45344, at *4 (Del. Super. Ct. Feb. 7, 1994).
[9] R. at 77.

Matthews violated the Code when he acted insubordinately.[10] Walmart also presented witness testimony that it sent Mr. Matthews home from work on a prior occasion because he displayed insubordinate behavior.[11] Mr. Matthews, for his part, testified before the Referee and the Board.[12] The Board did not find him credible.[13] It further concluded that Walmart met its burden of demonstrating just cause to terminate Mr. Matthews.

5.      Mr. Matthews now appeals the UIAB's decision. He contends (1) the record does not support the Board's finding of just cause, and (2) the Board impermissibly based its finding on an event that occurred after his discharge.[14] Walmart failed to file an answering brief.[15] As a result, the Court considers only Mr. Matthews's briefing, the UIAB's record, and the UIAB's written decision.[16]

6.      In a UIAB appeal, the Court must review the record to determine whether substantial evidence supported the Board's decision and whether the UIAB committed legal error.[17] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] It is more than a mere scintilla of evidence but less than a preponderance of the evidence.[19] In

---

[10] R. at 69–70 .

[11] R. at 87.

[12] *Id*.

[13] *See* Decision of the Unemployment Ins. Appeal Bd., R. at 6.

[14] Appellant's Opening Brief (D.I. 8).

[15] Final Delinquent Notice (D.I. 10).

[16] *See* Del. Super. Ct. R. 107(f) (providing that, "[i]f any brief, memorandum, deposition, affidavit, or any other paper which is or should be a part of a case pending in this Court, is not served and filed within the time and in the manner required by these Rules or in accordance with any order of the Court[,] . . . the Court may, in its discretion . . . take such . . . action as it deems necessary to expedite the disposition of the case."; *See also* Del. Super. Ct. R. 72(g) (recognizing that "[a]ppeals shall be heard and determined by the Superior Court from the record of proceedings below . . ..").

[17] *Unemployment Ins. Appeal Bd. Of Dept. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975); *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781–82 (Del. 2011).

[18] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[19] *Noel-Liszkiewicz v. La-Z-Boy*, 68 A.3d 188, 191 (Del. 2013).

reviewing the record for substantial evidence, the Court must consider the facts in the light most favorable to the prevailing party below.[20] Furthermore, the Court does not make its own factual findings on appeal or assess witness credibility.[21] Reviews of the UIAB's factual findings and other discretionary decisions are limited to reviews for abuses of discretion.[22] Alternatively, errors of law are reviewed *de novo*.[23] If the Board's findings are supported by substantial evidence and the UIAB committed no error of law, the Board's decision must be affirmed.[24]

7. An employee who is terminated for just cause is ineligible to receive unemployment benefits.[25] Just cause is established by showing "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[26] Willful or wanton conduct has been defined as "that which is evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance."[27] The employer bears the burden to prove just cause.[28]

8. In Mr. Matthews' appeal, he first draws attention to what he contends are inconsistencies in Walmart's witnesses' testimony. He contends that those inconsistencies should have precluded the UIAB from finding just cause.[29] The

---

[20] *Pochvatilla v. U.S. Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997).

[21] *Sokoloff v. Bd. of Med. Prac.*, 2010 WL 5550692, at *5 (Del. Super. Aug. 25, 2010).

[22] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[23] *Walker v. Unemployment Ins. Appeal Bd.*, 2015 WL 1542034, at *1 (Del. Super. Ct. Mar. 12, 2015).

[24] *Wilson v. Gingerich Concrete & Masonry*, 285 A.3d 445, 452 (Del. 2022).

[25] *See* 19 *Del. C.* § 3314(2), providing that, "[a]n individual shall be disqualified for benefits . . . [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter . . ..".

[26] *Majaya v. Sojourners' Place*, 2003 WL 21350542, at *4 (Del. Super. Ct. June 6, 2003) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del.1986)).

[27] *MRPC Fin. Mgmt. LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. Ct. June 20, 2003).

[28] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Ct. July 27, 2011).

[29] Appellant's Opening Brief (D.I. 8) at 1–6.

record demonstrates no such inconsistency on Walmart's part, however. Namely, Walmart's two witnesses testified that they directed Mr. Matthews to speak with the higher-level supervisor about his work performance *before* his break.[30] Both Walmart witnesses maintained that Mr. Matthews disregarded this instruction and instead took an unauthorized break.[31] Conversely, Mr. Matthews contends that he had already started his authorized break at the time he was instructed to speak with the supervisor and that he intended to follow through with the direction immediately after his break.[32]

9. Here, the result turns on whether the administrative record included substantial evidence to support the Board's decision. The record includes: (1) testimony that Mr. Matthews's immediate supervisor instructed him to speak with a higher-level supervisor about his work performance; (2) testimony that Mr. Matthews refused to speak with the supervisor when instructed to do so; and (3) testimony that Mr. Matthews took his break notwithstanding contrary instructions.[33] The record also establishes that Mr. Matthews had notice of the Code's provisions.[34] Those provisions provided notice of potential disciplinary action up to and including termination for violations such as insubordination.[35] On balance, the record contains substantial evidence to support the Board's conclusions.

10. Mr. Matthews also incorrectly contends that the Board arbitrarily assessed the witness credibility. The Board, as the finder of fact, possessed exclusive purview over questions of witness credibility and was free to accept

---

[30] R. at 27:1–5, 62:20–21.
[31] *Id.*
[32] R. at 21:22–23:4, 78:20–80:21.
[33] *Id.*, R. at 27:1–5, 62:20–21.
[34] Ref. Hr'g, Emp.'s Ex. 2, R. at 51–52; Ref. Hr'g, Emp.'s Ex. 3, R. at 53.
[35] R. at 51 ("Associates who violate our code may be subject to discipline, up to and including termination.").

testimony that supported that he acted insubordinately on the day in question. Accordingly, the UIAB had a rational and adequate basis to find just cause.[36]

11. Finally, Mr. Matthews contends that the Board impermissibly based its just cause determination on evidence that occurred after his discharge. Namely, Mr. Matthews used an offensive finger gesture when his supervisor terminated him and told him to leave the premises.[37]

12. Under the circumstances of this case, the UIAB did not arbitrarily consider evidence of Mr. Matthews' finger gesture for the limited purpose explained in its order. Section 1201–4.7 of the Delaware Administrative Code – consistent with the UIAB's enabling statute and general tenets of administrative law – provides that the UIAB "may consider any relevant evidence relating to any issue raised below, whether or not that issue was decided by the Hearing Officer."[38] Likewise, the Board's rules permissibly recognize that "[t]he admissibility of evidence and determinations of the weight to be given evidence . . . [shall remain] within the sound discretion of the Board."[39] Here, the UIAB's written decision adequately explains the permissible purpose for which it considered this evidence. Namely, it relied upon this inextricably intertwined conduct for the limited purposes of assessing (1) Mr. Matthews's demeanor during the relevant event, and (2) his credibility.[40] It did not abuse its discretion when doing so.

13. In summary, the facts of record provided sufficient evidence for a reasonable mind to conclude that Mr. Matthews acted insubordinately. Given that

---

[36] *See Foraker v. Diamond State Recycling*, 2001 WL 1398601, at *3 (Del. Super. Ct. Aug. 17, 2001) ("Courts of this state frequently have determined that insubordinate behavior exhibited by an employee will give rise to just cause for termination . . ..").

[37] R. at 24:21–24.

[38] 19 *Del. Admin. C.* § 1201–4.7.

[39] *Id.*

[40] *See* Decision of the Unemployment Ins. Appeal Bd., R. at 6. ("And, while it appears Claimant presented Employer with his middle finger *after* he was terminated, that behavior corroborates Employer's characterization of Claimant's insubordinate attitude.").

finding, the Board rationally concluded that Walmart had just cause to terminate Mr. Matthews. On the face of this record, the Board did not abuse its discretion or commit an error of law. It based its decision on substantial evidence.

WHEREFORE, the decision of the Unemployment Insurance Appeal Board is AFFIRMED for the reasons explained above.

IT IS SO ORDERED.

/s/ Jeffrey J Clark
Resident Judge