# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERNEST M. JENNINGS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| CAPITOL CLEANERS & | ) | C.A. No. K24A-02-001 RLG |
| LAUNDERERS, INC., and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted:  August 1, 2024
Decided:  October 23, 2024

## MEMORANDUM OPINION AND ORDER

*Upon Appeal from a Decision of the Unemployment Insurance Appeal Board*
**AFFIRMED**

Ernest M. Jennings, *Pro Se Appellant.*

Capitol Cleaners & Launderers, Inc., *Appellee.*

Matthew B. Frawley, Esquire, Department of Justice, Wilmington, Delaware.
*Attorney for Appellee Unemployment Insurance Appeal Board.*

**GREEN-STREETT, J.**

## I.     Introduction

This appeal stems from a decision of the Unemployment Insurance Appeal Board (the "Board"), reversing the finding of an Appeals Referee that Appellee Capitol Cleaners & Launderers, Inc. (the "Employer") discharged Appellant Ernest Jennings without just cause. The Board determined Employer possessed just cause to terminate Mr. Jennings. The Board's reversal of the Appeals Referee disqualified Mr. Jennings from collecting unemployment benefits. As the Board relied upon substantial evidence and did not commit legal error, the Board's decision is **AFFIRMED**.

## II.    Factual and Procedural Background

Mr. Jennings worked for Employer as a washroom operator from June 7, 2021 through August 15, 2023.[1] Employer permitted Mr. Jennings to miss work on August 11, 2023 – a Friday – but instructed him to return on the following Monday, August 14, 2023.[2] Mr. Jennings failed to show up for work on the 14th, and did not call Employer to alert anyone of his impending absence.[3]

The confluence of events after Mr. Jennings failed to call or report on August 14th remains disputed by the parties. Employer states Mr. Jennings recorded another

---

[1] R. at 100.

[2] Id. at 6.

[3] Id.

"no-call, no-show" on August 15th.[4]  After Mr. Jennings missed two consecutive days, Employer considered Mr. Jennings to have abandoned his job.[5]  Employer based its decision to terminate Mr. Jennings on its policy of considering any employee who fails to "show or call" for work for 48 hours to have abandoned his job.[6]

Mr. Jennings asserts his father went to Employer on August 14th to inform Employer that Mr. Jennings could not report to work that day.[7]  Contrary to Employer's statements, Mr. Jennings maintains that he showed up for work on August 15th.  Arguing that he only missed one day of work without permission, Mr. Jennings posits he did not violate Employer's 48-hour policy.[8]

Mr. Jennings filed for unemployment benefits on August 20, 2023.[9]  A Claims Deputy denied the claim, finding Employer possessed good cause to terminate Mr. Jennings.[10]  Mr. Jennings appealed that finding to an Appeals Referee.[11]  Following

---

[4] Id.

[5] Id.

[6] Id.

[7] Id.

[8] Id.

[9] Id. at 99.

[10] Id. at 101.

[11] Id. at 99.

a hearing on December 12, 2023, the Appeals Referee reversed, finding Employer had not carried its burden to show sufficient just cause existed to discharge Mr. Jennings.[12]

Employer appealed to the Board, and the Board held a hearing on the matter on January 24, 2024.[13] The Board found "Employer [had] presented sufficient evidence to show that there was just cause to terminate [Mr. Jennings]."[14] That evidence consisted of showing that Employer: (1) warned Mr. Jennings about his attendance problems; (2) warned Mr. Jennings about working while intoxicated; (3) attempted to help Mr. Jennings with a perceived drinking problem; and (4) "focused on getting [Mr. Jennings] help and not simply interested in writing him up so they could fire him."[15] The Board classified Mr. Jennings's failure to report for work on August 14th as "the culmination of a pattern of conduct in violation of the employer's interest, the employee's duties, and the employee's expected standard of conduct."[16]

---

[12] Id. at 101.

[13] Id. at 5.

[14] Id. at 7.

[15] Id. at 8.

[16] Id.

The Board also found Mr. Jennings failed to appear for work on August 15th and 16th, without providing notice to Employer.[17]

Mr. Jennings filed the instant appeal on February 26, 2024, stating the grounds for appeal as "wrongfully terminated [sic]."[18] Mr. Jennings filed his Opening Brief on April 24, 2024, arguing that Employer and Employer's witnesses provided false statements to the Board.[19] Keith Moore, the office manager of Employer, filed a letter with the Court *pro se* on June 20, 2024, indicating that Employer wished to proceed *pro se* and denying Mr. Jennings's allegations.[20] As Employer is a Delaware corporation, and thus a separate entity from Mr. Moore, Mr. Moore cannot represent Employer and Employer cannot proceed *pro se*. The Court took Mr. Jennings's appeal under advisement on the papers on August 1, 2024.

## III. Standard of Review

This Court's review of the Board's decision "is limited to a determination of whether there was substantial evidence sufficient to support the findings of the

---

[17] Id.

[18] Notice of Appeal – Unemployment Insurance Appeal Board, D.I. 1 (Feb. 26, 2024).

[19] Opening Br. at 1-2, D.I. 11 (Apr. 24, 2024).

[20] Letter to the Court at 1, D.I. 16 (June 20, 2024).

Board."[21]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[22]  This Court "does not independently weigh the evidence, determine questions of credibility[,] or make its own factual findings."[23]  This Court's sole analysis centers on whether "the evidence is legally adequate to support the [Board's] factual findings and whether errors of law exist."[24]  The Court considers the record in the light most favorable to the party that prevailed below.[25]

## IV.  **Analysis**

"An employee who is discharged for just cause is disqualified from receiving unemployment benefits."[26]  Just cause exists if an employee "commits a willful or wanton act or pattern of conduct in violation of the employer's interest, the

---

[21] Crews v. Sears Roebuck & Co., 2011 WL 2083880, at *2 (Del. Super. May 11, 2011) (internal quotations omitted) (quoting Unemployment Ins. Appeals Bd. V. Duncan, 337 A.2d 308, 309 (Del. 1975)).

[22] Lorah v. Home Helpers, Inc., 21 A.3d 596, 2011 WL 2112739, at *2 (Del. May 26, 2011) (TABLE) (citing Oceanport Indus., Inc. v. Wilmington Stevedores, Inc., 636 A.2d 892, 899 (Del. 1994)); see also Lively v. Dover Wipes Co., 2003 WL 21213415, at *1 (Del. Super. May 16, 2023) (quoting Onley v. Cooch, 425 A.2d 610, 614 (Del. 1981) (defining "substantial evidence" as "more than a scintilla but less than a preponderance[.]")).

[23] Lorah, 2011 WL 2112739, at *2 (citing Johnson v. Chrysler Corp., 213 A.2d 64, 66 (Del. 1965)).

[24] Molinaro v. Unemployment Ins. Appeal Bd., 2004 WL 2828048, at *1 (Del. Super. May 14, 2004) (citing 19 Del. C. § 3323).

[25] Thompson v. Christiana Care Health Sys., 25 A.3d 778, 782 (Del. 2011).

[26] Murphy & Landon, P.A. v. Pernic, 121 A.3d 1215, 1222 (Del. 2015).

6

employee's duties, or the employee's expected standard of conduct."[27]  When an employer has previously warned an employee about such conduct, the employer will likely be justified in terminating the employee.[28]

The Board heard testimony from several representatives of Employer indicating that Mr. Jennings displayed a pattern of problematic behavior, including attendance issues and "drinking on the job."[29]  The Board found that testimony credible.[30]  Some of that testimony stood in direct opposition to Mr. Jennings's testimony.[31]  Specifically, the Board found that: Mr. Jennings failed to appear for work on August 15th and 16th; Mr. Jennings failed to notify Employer that he would not attend work on those days;  Mr. Jennings's father did not notify Employer of Mr. Jennings's intention to miss work; Mr. Jennings received counseling from Employer regarding "missing work, being late, and being intoxicated;" and Employer attempted to work with Mr. Jennings to correct these problems before terminating

---

[27] Id. (internal quotations omitted) (quoting Avon Prods., Inc. v. Wilson, 513 A.2d 1315, 1317 (Del. 1986)).

[28] Id.

[29] R. at 5-6.

[30] Id. at 7.

[31] Id. at 8.

his employment.[32]  After weighing the testimony of Mr. Jennings against the other witnesses, the Board found the other witnesses more credible.[33]

On appeal, Mr. Jennings does not argue any procedural defect, nor does he allege any denial of due process.  His appeal consists of restating testimony he presented to the Board: (1) On August 14th, he sent his father to inform Employer that Mr. Jennings would not be in attendance on August 15th or 16th; (2) Employer incorrectly calculated how many work days Mr. Jennings missed between January 2023 and August 2023; and (3) Employer only sent him home for an alcohol-related infraction once.[34]  These contentions amount to a challenge of the weight and credibility the Board assigned to the testimony it received.  Such a challenge goes beyond the scope of this Court's review on appeal of the Board's decision.  Mr. Jennings does not otherwise argue the Board lacked substantial evidence, nor that the Board committed any errors of law.  Accordingly, as this Court cannot overturn the Board's credibility determination regarding evidence presented to it, Mr. Jennings does not raise an appealable issue.

---

[32] Id.

[33] Id.

[34] Opening Br. at 1-2, D.I. 11.

## V. <u>Conclusion</u>

A review of the Record shows the Board relied upon substantial evidence in reaching its conclusion. Further, the Board did not commit any legal error. Mr. Jennings challenges only the credibility determinations made by the Board regarding the testimony presented to it. This Court cannot and will not disturb the Board's credibility findings. Thus, Mr. Jennings's appeal is **DENIED**, and the Board's Decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge